WILLIAM DICKERSON *vs.* ASA HODGES;

*Error from Limestone County Court.*

The declarations of an agent who is dead, as to a rescission of a contract, cannot be given in dvidence in a suit on that contract.
Such rescission must be proved.

Asa Hodges instituted an action of trespass on the case against William Dickerson, to recover for the use and occupation of sixty acres of land rented to him.   The evidence produced by the plaintiff below, established, according to the admissions of Dickerson, a contract between himself and one Smith, the agent of Dickerson, for the rent of the land in question.   The defendant, Dickerson, offered to prove by one of the plaintiff's witnesses, that Smith, his agent, had stated that the contract was rescinded.   The declarations of Smith, the agent, being objected to as improper testimony, the court sustained the objection.

Dickerson excepted to the opinion of the Court, and assigns the same as error.

P. MARTIN, for Plaintiff—16 *Johns. Rep.* 88; 89—15 *East's,* 400—2 *Starkie'e Evid.* 57.

HOPKINS, *contra*—2 *Wheat.* 383—10 *Ves.* 126, 127—2 *John.* 17—17 *John.* 176—*Betts* vs. *Huntsville Bank.*

By Mr. Justice THORNTON :

This was a case brought up by a writ of error, from the Limestone Circuit Court, upon a bill of exceptions ; and the only error assigned, is the rejection of testimony offered by the plaintiff in error. The action was commenced in the Court below, to recover the amount alleged to be due upon a contract made with the agent of the defendant in error. The contract as proved was not contested ; but a rescission of it by the same agent was relied on in defence of the action. The proof offered, and rejected, was the declarations of the agent, made by him to the witness before his character of agent was determined—as to a rescission of the contract. The witness testifying does not prove that he was present when the rescission, if any, took place, or that he witnessed an agreement to set aside the contract, but merely that the agent told him it was the case. It is evident that the proof was only hearsay testimony, unless the declarations could be considered as the admissions of a party or principal, constituting evidence of the fact, and so legally susceptible of being testified to by any competent witness who might hear them. But the declarations offered to be proved, not being in the nature of *res gesta*, and so constituting the agreement of rescission itself, or part of it, or even inducement thereto, could not be substituted in the proof for the matter they related. That matter must be proved, and the death of the agent, though it may make the proof more difficult, or even impossible, will not in this case, more than in any other, open the door to hearsay testimony, which so far from being the next best, is no evidence whatever.*

* See the case of Betts vs. The Huntsville Bank, decided at July Term, 1830, in which the principle is settled.