## ALLEN AND WIFE *vs.* PRATER.

[ACTION ON PROMISE TO PAY IN COMPROMISE OF LEGAL CONTROVERSY.]

1. *Sufficiency of compromise as consideration of contract.*—A promise to pay a sum certain in compromise of a pending suit, or in settlement of a controversy for which, though it has not assumed the form of a pending suit, there is a reasonable ground, is supported by a sufficient consideration.

2. *Declaration explanatory of possession.*—The declaration of a person, while in possession of a slave, to the effect that her father gave it to her, is not explanatory of possession.

APPEAL from the Circuit Court of Benton. Tried before the Hon. JOHN E. MOORE.

THIS action was brought by Memory Allen and wife, the appellants, against John B. Prater, James Prater, and Andrew J. Prater; and was founded on the defendants' verbal promise to pay $1,000, in consideration that plaintiffs and one Susan Miller, who were children and heirs-at-law of John B. Prater, deceased, would desist from contesting the probate of their ancestor's will, and allow the same to be admitted to probate without objection. The court charged the jury, among other things, as follows: "That if the proof satisfied them that the testator was not competent to make a will, or that undue influence was used upon him in the making of said will, then there would be reasonable grounds of contesting said will, and the contract declared on, if such an one existed, was founded on a sufficient consideration; but they must be satisfied that the testator was not capable of making a will, or that he was unduly influenced." An exception was reserved to this charge, and it is now assigned for error, with other matters which require no particular notice.

ALEX. WHITE, for the appellant.

JAMES B. MARTIN, *contra*.

RICE, C. J.—The forbearance by a party to *a pending suit*, to prosecute a right asserted therein, and the yielding up of the right thus asserted, is a sufficient consideration for a verbal promise by the adverse party to pay a certain sum of money. Where the controversy has not assumed the form of a pending suit, but there is reasonable ground for it, a verbal promise to pay a certain sum of money in settlement of it, is not without consideration, and may be enforced.—Stewart v. Bradford, 26 Ala. 410; Prater v. Miller, 25 Ala. 320; Edwards v. Baugh, 11 Mees. & Welsby, 641; Wilkinson v. Byers, 1 Ad. & Ellis, 106.

Both of the above propositions were, in effect, disregarded by that part of the charge of the court below

Allen and Wife v. Prater.

which asserts, that the jury "must be satisfied that the testator was not capable of making a will, or that he was under undue influence." If the charge in that respect is correct, it would be folly in the contestants of a will ever to make any compromise of a controversy as to its validity, unless they received cash in hand on the compromise. The charge denies all effect to such compromise, and requires the parties opposed to the will to prove precisely as much to support the compromise, as they could have been required to prove to overturn the will.

For the error in the charge above pointed out, the judgment must be reversed; and, as the cause must be remanded for another trial, we deem it proper to decide, that the declarations of Mrs. Miller, which were admitted by the court, are not legal evidence against the plaintiffs in this cause. She does not appear to be so connected with the plaintiffs, or to sustain any such relation to them or their cause of action, as to give her naked declarations the effect of evidence against them. Her declaration as to the slave which she had in possession, that her father gave it to her, is not explanatory of the possession, but relates to *the title*, and to the person from whom she acquired it.—McBride v. Thompson, 8 Ala. 650; Abney v. Kingsland, 10 Ala. 355. Conceding that the defendants may be entitled to prove the facts asserted by the declarations of Mrs. Miller, yet they must prove them by competent evidence; and her mere declarations are not, as against the plaintiffs, evidence of the existence of those facts. Proving that she *said* the facts existed, is very different from proving their actual existence. Her declarations, as allowed on the trial, were the mere naked declarations of a stranger, and wholly inadmissible.— Dickerson v. Hodges, 1 Porter, 99.

Judgment reversed, and cause remanded.