# Plott *v.* Foster.

## *Assumpsit.*

(Decided April 23, 1913. Rehearing denied May 8, 1913. 62 South. 299.)

1. *Frauds; Statute of; Debt of Another; Specific Fund.*—A contract to pay the debt of another out of a specified fund, or out of money coming into the hands of the promissor from the original debtor, is not within the statute of frauds, and need not express a consideration. (Subdivision 3, section 4289, Code 1907.)

[Plott v. Foster.]

2. *Same; Contracts; Construction.*—Where by written contract plaintiff certified that he had transferred to defendant two mortgages, stating their amount, and had paid $25 thereon to defendant, defendant agreeing to repay the $25 when the mortgages were paid in full, with interest, the contract was not an agreement to pay the debt of another, but to pay defendant's own debt in a particular way, and was not, therefore within the statute of frauds.

3. *Evidence; Documentary; Identification.*—Where the action was assumpsit on a contract of assignment of certain mortgages, and one of the issues in dispute was whether the mortgages had been paid, their delivery by defendant to the makers, or one acting for them, was a circumstance to be considered on such an issue, and hence, the court properly allowed the mortgages to be identified.

4. *Same; Hearsay.*—Where a witness was not shown to have any knowledge on a certain subject, he could not state anything about it.

5. *Same; Book Entries.*—Where entries were placed on a book by the direction of the defendant, as to the correctness of which a witness had no knowledge, the witness could not testify as to the entries.

6. *Appeal and Error; Record; Prejudice.*—Where it is not shown that the question was answered, error cannot be predicated on overruling an objection to the question.

7. *Charge of Court; Misleading; Duty.*—Where an instruction given states a correct proposition of law, it is the duty of the adversary party, if he conceives the same to be misleading, to request explanatory instructions.

8. *Same.*—Unless it clearly appears that the jury were misled to the prejudice of the complaining party, the court will not be put in error for giving a merely misleading charge.

APPEAL from Lamar Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Assumpsit by H. L. Plott against E. B. Foster. Judgment for plaintiff, and defendant appeals. Affirmed.

The contract referred to is as follows: "I have this day transferred to H. L. Plott two mortgages on J. O. and L. C. Foster, amounting to $168.81, and I, E. B. Foster, paid $25 on said mortgages, and I, H. L. Plott agree to pay E. B. Foster same back, when the mortgages are settled in full with interest. [Signed] H. L. Plott." The suit was to recover the $25 paid to Plott by Foster.

The first eight assignments of error go to the action of the court in overruling demurrers to the several

counts of the complaint, based upon the contract referred to, and upon error in overruling defendant's objection to the introduction of the contract in evidence. The ninth and tenth assignments sufficiently appear from the opinion, as do assignments 11, 12, 14, and 15.

The thirteenth assignment is as follows: Objection to question propounded to plaintiff, as follows: "Is that one of the mortgages transferred during that transaction?" Assignment 16 was overruling a motion to exclude the evidence and to give the affirmative charge for defendant. (17) Question to Sam Harris: "How much was due on that day on said mortgage?" (18) Question to same witness: "That is the entry Mr. Plott got you to make?" (19) Question to same witness: "That the page of the book showing this entry is 210, and the number of the ledger 1 of 1907?"

The charge, the basis of the twenty-first assignment, is charge 1, given for plaintiff: "I charge you, gentlemen of the jury, that the payment of a debt can be made in any property that the person entitled to receive payment accepts as payment of the debt."

Assignments 22 to 26, inclusive, involve charges refused to defendant, as follows: Charge 2: "If the jury believe from the evidence that there was no memorandum, signed in writing, expressing the consideration paid, signed by the defendant, expressing the consideration he was due plaintiff, the amount sued for in this case, you should find for defendant." Charge 4: "If the jury believe from the evidence that the contract upon which said suit is based does not express the consideration by which the defendant acknowledged that he was due the plaintiff, and that there was no memorandum, signed by the defendant, acknowledging that it was due the plaintiff, you must find for the defendant." Charges 5, 6, and 7, constituting the basis of the other assignment, were of similar tenor.

[Plott v. Foster.]

WALTER NESMITH, for appellant. The promise was within the statute of frauds as it was to answer for the debt of another, and hence, should have expressed a consideration.—*Lindsey v. McRae,* 116 Ala. 542; Subd. 3, sec. 2889, Code 1896; *Weems v. Coffin,* 154 Ala. 474. Counsel discuss the other assignments of error, but without citation of authority.

JOHN S. STONE, for appellee. The contract was not within the statute of frauds, as it was an agreement to pay out of a specific sum or of moneys to be derived from the original debtor, and hence, it was not necessary that it should have expressed the consideration. The cases cited by appellant, therefore, are without application. Counsel discusses the other assignments of error in the same way without citation of authority.

PELHAM, J.—If the written agreement or contract made the basis of the appellee's suit, as plaintiff, in the court below is within the statute of frauds, the contract or agreement would be void, unless it expresses the consideration (Code, § 4289, subd. 3; *Lindsay v. McRae,* 116 Ala. 542, 22 South. 868; *White v. White,* 107 Ala. 417, 18 South. 3; *Foster v. Napier,* 74 Ala. 393), but as we construe the agreement it is not within the statute.

The contract or agreement, in the first place, if a promise to pay the debt of another, is a promise to pay out of a fund or moneys coming into the hands of the promisor from the original debtor. Such an agreement is not within the statute.—*Woodruff v. Scaife,* 83 Ala. 152, 3 South. 311; *Westmoreland v. Porter,* 75 Ala. 452. Nor are we prepared to say that the agreement does not express a consideration, but are rather inclined to think it does; but clearly the agreement is not to pay

the debt of another, but to pay one's own debt in a particular way, and this is not within the statute.—*Aultman v. Fletcher,* 110 Ala. 452, 18 South. 215.

What we have said disposes of the first eight assignments of error. The ninth and tenth assignments are based on the court's allowing the witness E. B. Foster to answer the question, "Have you seen this paper before?" (referring to one of the mortgages transferred and described in the contract sued on). It was entirely proper to allow the witness to identify the mortgages, and to permit the proof to be made of their having been delivered by the transferee, Plott, to a person acting for and representing the makers. One of the issues in dispute pertained to whether or not the mortgages had been paid, and their delivery by Plott to the makers, or one acting for them, was a circumstance to be considered in this connection by the jury. This disposes of assignments of error numbered 9, 10, 11, 12, 14, and 15.

The question asked the witness E. B. Foster and made the basis of the thirteenth assignment of error was evidently for the purpose of identifying the paper inquired about, and there was no error in overruling the defendant's objection and allowing the witness to answer the question.

The witness Sam Harris was shown not to have any knowledge on the subject, and the court properly sustained an objection to the question propounded to this witness to state the balance due on the mortgages; for anything he might have stated would have been hearsay. The court properly, on the objection of the plaintiff, refused to allow this witness to show and testify to entries put upon the books at the direction of the defendant, and as to the correctness of which the witness had no knowledge or information. This disposes of the assignment of errors insisted upon to No. 19, inclusive.

[Plott v. Foster.]

The objectionable part of the question propounded to the witness Plott on cross-examination, to which the court overruled an objection, made the basis of the twentieth assignment, we need not consider, as this part of the question is not shown to have been answered by the witness in the evidence set out in the bill of exceptions.

The charge given at the request of the plaintiff and made a predicate for the twenty-first assignment states a correct proposition of law, and if the defendant thought it was calculated to have a misleading tendency he should have requested an explanatory charge.— *Hammond v. State,* 147 Ala. 79, 41 South. 761; *Heningburg v. State,* 153 Ala. 13, 45 South. 246. Even if the charge be considered as abstract, the court cannot be put in error for giving it, unless it clearly appears the jury were thereby misled to the prejudice of the appellant."—*Fitzpatrick v. McLaney,* 153 Ala. 586, 44 South. 1023, 127 Am. St. Rep. 71; *C. of G. Ry. Co. v. Hyatt,* 151 Ala. 355, 43 South. 867.

What we have already said disposes of assignments of error Nos. 22, 23, 24, 25, and 26.

The matters insisted upon show no reversible error, and the judgment of the lower court will be affirmed.

Affirmed.