(82 South. 561)

CRAVEY et al. v. COVINGTON COUNTY BANK. (4 Div. 540.)

(Court of Appeals of Alabama. May 20, 1919.)

1. BILLS AND NOTES ⬦503—EVIDENCE—ADMISSIBILITY.

In bank's action on a note which it claimed had been given in return for the bank having paid a debt of defendants, evidence that bank had placed certain amount to credit of defendants' creditor is admissible.

2. BILLS AND NOTES ⬦501—EVIDENCE—ADMISSIBILITY.

In bank's action on a note claimed to have been given in return for the bank paying defendants' creditor, evidence regarding the value of certain cotton which defendants claimed to have delivered to the creditor in part payment held inadmissible.

3. BILLS AND NOTES ⬦501—EVIDENCE—ADMISSIBILITY.

In bank's action on a note given in return for the bank paying defendants' creditor, evidence that there was no written agreement with reference to certain cotton which defendants claimed to have delivered to their creditor in part payment held admissible.

4. BILLS AND NOTES ⬦501—EVIDENCE—ADMISSIBILITY.

In bank's action on a note given in return for the bank paying defendants' creditor and in which defendants claimed to have delivered certain cotton to the creditor in part payment, evidence that any such transaction was with the creditor, and not with the bank, held admissible.

5. APPEAL AND ERROR ⬦690(2) — ASSIGNMENT OF ERROR—EVIDENCE.

Assignment that court erred in overruling an objection to a question will not be considered, where record does not indicate that question was answered.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action by the Covington County Bank against N. P. Cravey and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Baldwin & Murphy, of Andalusia, for appellants.

A. Whaley, of Andalusia, for appellee.

BRICKEN, J. Appellee brought suit against appellants upon a note under seal. The evidence for the plaintiff in the lower court was to the effect that the defendants owed a debt to the K. & K. Fertilizer Company, and upon request of the defendants (appellants) appellee paid to the fertilizer company the balance due for the fertilizers, and the note sued on was executed to appellee for the amount so paid by it. The evidence for appellants tended to show that some cotton was delivered by them to the fertilizer company to be held until directed to be sold, and that the amount of the note sued on was for the balance due for fertilizer after the cotton was turned over. The evidence of the appellee was to the effect that it had nothing to do with any agreement between appellants and the fertilizer company about holding the cotton. The appellants contended that they did not know that the note sued on was executed to appellee, but there was evidence tending to show that payments on the note were made by appellants to appellee after its execution and with notice that it was payable to appellee. There was judgment in favor of appellee, and appellants appeal to this court,

and assign as error several rulings made by the court upon the admission of testimony and the overruling of a motion for a new trial.

[1] There was no error in overruling the objection of appellants to the question, "On the 1st day of February, 1915, was any amount placed to the credit of the K. & K. Fertilizer Company on account of this note?" propounded to witness E. E. Kelly by plaintiff. One of the contentions was that the appellee had paid the fertilizer company the amount of the debt due by appellants, and it was competent to show in what manner it was paid, to wit, by giving credit to the company. Moreover, the objection was a general objection, and the testimony was clearly legal.

[2] There was no error in sustaining the objection to the question, "What was the price of cotton on January 1, 1916," asked the witness Kelly by defendants. The price of cotton at that time was immaterial so far as appellee was concerned. The evidence tended to show that the appellee had paid, at the request of the appellants, the amount shown by the note as a balance due by appellants to the fertilizer company, and the price of cotton could have no bearing on the case. For the same reason there was no error in sustaining the objection to the question, "Now, to refresh your recollection, see if you didn't ask some of the officers of the Covington County Bank to give you a statement of what the cotton brought," asked the witness Worrell.

[3] There was no error in overruling defendants' objection to the question propounded to the witness E. E. Kelly, "Was there any agreement in writing whatsoever between the defendants in this case or any of the witnesses who have testified for the defendants in this case with reference to the holding of any cotton?" It was certainly competent for the appellee to show that it had nothing at all to do with any agreement as to the holding of the cotton. If the appellants felt that the jury might be misled by thinking that an agreement to hold the cotton, in order to be valid, should have been in writing, they should have requested explanatory charges to this effect.

[4] There was no error in overruling the objection to the question propounded to witness Kelly, "What transactions had between the defendants and the Green Bay Mercantile Company and the different parties who have testified in this case, with reference to cotton, were had upon—if any such transactions were had, were with the K. & K. Fertilizer Company, and not with the Covington County Bank; is that a fact?" It was competent for the witness to state the details of the transaction. Besides, the objection was merely a general objection, and the evidence called for was clearly legal.

[5] The appellants assign as error the overruling of the objection to the question, "Did Mr. Cravey pay Mr. Woodham's expenses?" which question was propounded to witness E. E. Kelly. This assignment is not well taken, as the record does not show that this question was ever answered by the witness.

There was no error in overruling the motion for a new trial.

No error appearing in the record, the judgment·of the circuit court is affirmed.

Affirmed.