IN RE ESTATE OF ALLAN MCLEAN.
EARL DOUGLAS MCLEAN, APPELLANT, V. ANNABEL MCLEAN ET AL., APPELLEES.
295 N. W. 270
FILED DECEMBER 13, 1940. No. 30992.

*Perry, Van Pelt & Marti* and *Arthur E. Perry*, for appellant.

*Good & Simons, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE and MESSMORE, JJ., and HASTINGS and KROGER, District Judges.

KROGER, District Judge.

Allan McLean died testate in Lancaster county, Nebraska, on May 27, 1933. He left surviving him his widow and four children. His will was offered for probate and three of the four children filed objections to the probate of the same. These objections were overruled by the county court and, on July 7, 1933, the will was admitted to probate. On the same day, an appeal undertaking was executed by the contestants, with proper surety, which undertaking was approved on the same day by the county judge, and on the 8th day of July, 1933, the transcript of the proceedings had in the county court was filed in the office of the clerk of the district court for Lancaster county, Nebraska. Issues were made up in the district court and thereafter, on November 23, 1933, proponent filed a motion to dismiss the appeal on

the ground that no good and sufficient supersedeas bond had been filed in the county court and consequently the district court was without jurisdiction of the subject-matter of the action. Contestants thereupon, and on November 27, 1933, filed a motion in the county court for leave to amend the appeal bond, which motion was granted, and an amended appeal bond was filed and approved in the county court on said date. Thereafter, and on January 5, 1934, contestants filed a motion in the district court for leave to file an amended appeal bond and, on February 5, 1934, the motion of contestants was sustained and leave granted to file an amended appeal bond. On the same day the proponent moved the court for leave to withdraw his motion for dismissal of the appeal, which motion was sustained, and on the same date the district court, a jury having been waived, proceeded to hear the appeal on its merits. Apparently sometime before February 5, 1934, the proponent and contestants had agreed upon a settlement of their differences, the basis of said settlement being that the will was to be denied probate, and when the case was called for trial, proponent elected to produce no witnesses and a decree was entered finding generally in favor of the contestants and against the proponent and the will was disallowed and denied probate as the last will and testament of said Allan McLean, deceased. Thereafter the proponent of the will was appointed administrator of the estate of Allan McLean, deceased, and was still acting as such when, on September 25, 1939, he filed a pleading in the district court which he designated as "Application of Earl Douglas McLean, Trustee and Executor under the Last Will and Testament of Allan McLean, Deceased, to avoid pretended decree," the substance of which was a challenge of the jurisdiction of the district court for Lancaster county, Nebraska, to enter the decree of February 5, 1934, and the further allegation that the decree of February 5, 1934, was obtained by fraud. To this pleading the contestants filed a demurrer which was sustained by the court on April 17, 1940, and the applicant, Earl Douglas McLean, elected to

stand on the application, and his application or petition was thereupon dismissed at his costs. From this ruling this appeal is taken.

The appeal bond given by contestants in the county court on July 7, 1933, was conditioned to pay the costs which might be assessed against the contestants, whereas the statute provides that such a bond shall be conditioned to "pay all *debts, damages and costs.*" (Italics ours.) Comp. St. 1929, sec. 30-1603. It is the contention of appellant that this defect rendered the bond void, that the district court acquired no jurisdiction on appeal and that consequently its judgment and decree of February 5, 1934, is null and void and the original order of the county court admitting the will to probate is still in full force and effect.

It is unnecessary to review all of the decisions of this court touching the question thus raised, as that has already been very ably done by Good, J., in the case of *In re Estate of Kothe,* 131 Neb. 780, 270 N. W. 117, where it was held that "This jurisdiction is committed to the rule that, where a defective appeal bond in a probate proceeding is filed within the time prescribed by statute, the proper procedure for the appellee is to move to require a proper bond to be given within a time designated by the district court, and, upon failure to comply with the order, that the appeal may be dismissed."

There, as in the instant case, the appeal bond was defective, but it was held that the bond was sufficient to give the district court jurisdiction.

As we view it, the bond in the instant case was a cost bond only and did not supersede the judgment of the county court, but it was sufficient to give the district court jurisdiction on appeal and, had a proper motion been filed, leave would have been granted to file a proper bond or the appeal would have been dismissed. A proper bond was filed as soon as attention was called to the defect in the appeal undertaking.

Counsel for appellant has cited numerous cases arising from appeals in misdemeanor actions wherein it was held

that the giving of a bond in the form and on the conditions required by statute is necessary to give the appellate court jurisdiction, but, as was pointed out in the *Kothe* opinion, such has not been the rule in civil cases and probate proceedings.

The bond in this case was filed and approved and the appeal docketed within the statutory time, and, while the bond was defective, it was not void, and we therefore hold that the district court acquired jurisdiction of the subject-matter of the action.

It is next contended by the appellant that there was fraud practiced upon the court which resulted in the decree of February 5, 1934. The application to set aside the judgment charged fraud in the following particulars: That it was represented to the court that a proper supersedeas bond had been filed, when in fact there had not been, and that it was represented to the court that all of the children and heirs of the deceased, Allan McLean, were before the court, when as a matter of fact the trustee named in the said last will and testament was not represented, and that one of the children who was a contestant had filed a dismissal of his appeal, which fact was not called to the court's attention, and that there were competent witnesses living who could have testified to facts entitling the will to probate, but that they were not called. If these facts constituted fraud, the applicant was aware of that fact on February 5, 1934, the date the decree was entered, having himself participated in all of the transactions mentioned. The application to have the decree declared void was not filed for more than five years after the decree was entered, which was long after any rights which the applicant might have had were barred by the statute of limitations. Comp. St. 1929, sec. 20-2008. See *Hoeppner v. Bruckman,* 129 Neb. 390, 261 N. W. 572.

This leaves but one contention made by appellant, and that is that the will of Allan McLean provided for a valid unexecuted testamentary trust which could not be modified or destroyed by agreement among all the beneficiaries, or

a so-called family settlement, and appellant cites the case of *In re Estate of Mowinkel*, 130 Neb. 10, 263 N. W. 488. An examination of the *Mowinkel* case immediately discloses that the situation there was entirely different. The probate of the will was not contested and, as stated by the learned justice in his opinion, "No legatee had, in the trust fund, any interest that did not come through the will." In other words, in the *Mowinkel* case, the will remained in full force and effect, except as to the attempted change in one provision therein, whereas, in the instant case, as a result of the family settlement, the entire will is set aside and none of the parties to the settlement takes any interest by virtue of the will.

While there is some authority to the contrary, the great weight of authority is to the effect that, where there is a contest in good faith of the probate of a will, such a contest may be settled by an agreement in the nature of a family settlement to have the will denied probate. See 68 C. J. 908. In the application in this case there is no claim made that the family settlement was obtained by fraud or misrepresentation, and we hold that the family settlement was valid and binding.

Finding no error in the record, the judgment of the trial court is

AFFIRMED.