26 So.2d 265

### NESMITH et al. v. VINES.
### 8 Div. 331.

Supreme Court of Alabama.
April 25, 1946.

Rehearing Denied June 13, 1946.

Wm. Stell, of Russellville, for appellants.

S. A. Lynne, of Decatur, for appellee.

LIVINGSTON, Justice.

W. T. Nesmith departed this life testate during the year 1944, leaving an estate consisting of real and personal property in the county of Lawrence, state of Alabama. He named two of his sons Elbert U. Nesmith and Earl E. Nesmith executors of his last will and testament. Prior to his death the said W. T. Nesmith executed and delivered

three separate deeds conveying to three of his sons, Elbert U. Nesmith, Earl E. Nesmith and W. C. Nesmith, three separate parcels of real estate.

The will of W. T. Nesmith, deceased, was admitted to probate by the Probate Court of Lawrence County, Alabama, on December 4, 1944. On March 9, 1945, Larcy Evelyne Vines, a daughter of W. T. Nesmith, deceased, filed her bill of complaint in the Circuit Court, in Equity, of Lawrence County, against Elbert U. Nesmith and Earl E. Nesmith, individually, and as executors of the last will and testament of W. T. Nesmith, deceased, W. C. Nesmith, C. C. Nesmith, A. A. Nesmith and Glaffie Irene Dawson. The bill seeks to cancel, set aside, and hold for naught the three deeds above referred to on the grounds of fraud, undue influence, and mental incapacity of the grantor, and to contest the validity of the will of W. T. Nesmith, deceased, on the same grounds. The complainant and individual respondents are the children, next of kin and sole heirs at law of W. T. Nesmith, deceased, and are the sole devisees and legatees named in his will.

The will of W. T. Nesmith, deceased, does not undertake to dispose of the property deeded to his three sons, but does contain a provision that all the "rest and residue" of his estate shall go to his seven children.

From a decree overruling demurrers to the bill of complaint this appeal is prosecuted.

Section 64, Title 61, Code of 1940, provides: "Any person interested in any will, who has not contested the same under the provisions of this article, may, at any time, within the six months after the admission of such will to probate in this state, contest the validity of the same by bill in equity in the circuit court in the county in which such will was probated."

The vital question is, Can the contest of a will, provided for in the foregoing statute, be joined in a suit to set aside and cancel deeds executed by testator, and alleged to have been procured through fraud, undue influence and mental incapacity of the grantor?

In the contest of a will by bill in chancery under section 64 et seq., Title 61, Code of 1940, either party is entitled to a jury trial as a matter of right. Section 67, Title 61, Code of 1940; Lewis v. Martin, 210 Ala. 401, 98 So. 635. But a jury trial is not a matter of right in a suit in chancery to set aside a deed. Section 322, Title 7, Code of 1940; Karter v. East, 220 Ala. 511, 125 So. 655; Hill v. Lindsey, 223 Ala. 550, 137 So. 395; Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234.

The contest of a will by bill in chancery is a proceeding in rem, entirely of statutory creation, and is limited to determining the validity of the will. The issues are confined to the question of "will or no will." Section 64, Title 61, Code of 1940; Ex parte Walter, 202 Ala. 281, 80 So. 119, 122.

On the authority of Ex parte Walter, supra, we are compelled to hold the instant bill subject to demurrer because with the contest of the will it joined the unrelated matter of the fraudulent deeds. The cause is reversed and remanded.

Reversed and remanded.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.