179 So.2d 90

**Joe B. HUBBARD, Public Safety Commissioner of Gadsden,**

**v.**

**Herman CORNUTT et al., Members of Police Department of Gadsden.**

**7 Div. 637.**

Supreme Court of Alabama.

Sept. 30, 1965.

Roy D. McCord, J. Herbert Meighan, Jr., and Jas. B. Waid, Gadsden, for appellant.

Burns & Carr, Gadsden, for appellees.

PER CURIAM.

Mandamus proceedings filed in the Circuit Court of Etowah County to compel defendant (appellant), Joe B. Hubbard, Public Safety Commissioner of the City of Gadsden, to vacate appointments of three employees of said City, because said appellant was without lawful authority to make such appointments.

The trial court held that the appointments of the designated persons as "jailers, persons or civilian employees to run, operate or control the City Jail" were void. The defendant was ordered, directed and commanded to remove and discharge the appointees, "and they are not to perform the duties of 'jailers, persons or civilian employees to run, operate or control the City Jail' until and unless they have qualified and been employed as 'wardens' as provided for in the Civil Service Laws governing the City of Gadsden."

From this judgment defendant appeals and here contends:

(1) " * * * if the Civil Service Board of the City of Gadsden is legally and lawfully constituted, * * * then the decision of the Board granting to Hubbard, the Appellant, the right to appoint the jailers still stands, since no appeal was taken from it. * * * "

(2) That the police department is under appellant's direct supervision and management and the trial court was without authority to divest this management and control, citing § 420, Title 62, Code 1940.

(3) That the Act of the Legislature (No. 671, Acts of Alabama 1951, Vol. II, p. 1158) creating the Civil Service Board, is unconstitutional, because it is a local Act and was not lawfully advertised for passage.

With reference to point (1) here argued, appellant relies on a letter written by the Board Chairman as follows:

"TO THE HONORABLE POLICE COMMISSIONER, JOE HUBBARD, IN AND FOR THE CITY OF GADSDEN, ALABAMA.

"Be advised that the Civil Service Board in and for the City of Gadsden, did unanimously agree that the City of Gadsden, Alabama could hire any number of men to run and operate the City jail in and for the City of Gadsden so long as said men so hired did not come within or under the jurisdiction and rules of the Civil Service Board in and for the City of Gadsden, Alabama, that the said Civil Service Board had no authority over what personell (sic) operated the City Jail.

Sincerely yours,

THE CIVIL SERVICE BOARD IN AND FOR THE CITY OF GADSDEN, ALABAMA BY:

s/ Robert H. King
ITS CHAIRMAN"

The just quoted communication was nothing more than a letter of advice to appellant that the Board had agreed that the City of Gadsden could hire employees to operate the city jail and that such employment did not come within the jurisdiction of the Board.

Such an opinion and declination to take jurisdiction was not an appealable decision. We pretermit any observation as to what legal procedure on the part of any interested and lawful party would have been appropriate to compel the Board to act and thus test its authority in the premises. Certainly, it was not by appeal from an agreement not to assume jurisdiction or exercise any authority.

514

With reference to the second contention, *supra*, if the appointees were wardens within the purview of § 3, Act No. 671, Acts of Alabama 1951, Vol. II, p. 1158, as amended by Act No. 49, Special Session 1956, p. 341, assuming said Acts are valid, then the authority of the Commissioners to make the appointments was divested, notwithstanding § 420, Title 62, Code 1940, which gives them the authority to "prescribe and * * * change the powers, duties and titles of all subordinate officers and employees of said city, * * *" but upon condition "where not otherwise provided."

The Legislature by Act No. 671, supra, and the amendatory Act No. 49, supra, did provide otherwise. It gave authority over the employment of wardens to the Civil Service Board. It thereby divested the right of the Commissioners to change the title of such wardens, and by so doing, retrieve authority to make the appointments.

The trial court, after hearing the evidence *ore tenus* as to the duties and responsibilities of the appointees, held that such persons in the performance of their duties were "wardens" within the purview of the controlling legislation. We are unwilling to disturb this factual finding of the trial court.

With respect to contention (3), supra, appellant filed pleading (referred to as plea 3, but not numbered) which was intended to challenge the constitutionality of Act No. 671, supra, also Act No. 49, supra, and Act No. 956, Acts of Alabama 1961, Vol. II, p. 1536, because each is a local act and was not advertised according to law.

Plaintiff filed a motion to strike this plea because (on one ground) it was not seasonably filed and came too late. The trial court granted this motion, holding that it came too late and was filed without leave of court.

So the trial court never did pass on the constitutional questions sought to be raised in this pleading. The constitutional questions were not seasonably presented in the lower court, according to the ruling of this tribunal.

We have held that an attack on the constitutionality of a statute will not be considered on appeal, where the question was not raised on the trial below. State Docks Commission v. State ex rel. Cummings, 227 Ala. 414, 150 So. 345(11); 2A Ala.Dig., Appeal & Error, Key No. 170. Nor will we consider such an attack when, as here, the court struck the pleading raising the question and did not pass on it.

There is no assignment of error that presents for review here the trial court's action in striking plea 3. As we stated, this plea is not numbered, but is referred to as plea 3.

Assignment of error No. 9 refers to the plea which was stricken. It argues that it should have been carefully considered. But this assignment is general and lacks specificity. It refers to no judgment of the trial court in striking the plea, but refers only to the refusal of the court to consider the plea. For aught appearing in the assignment, the court may have declined to consider the plea without any affirmative action in striking the same.

We have held that an assignment of error which does not succinctly point out the error complained of with clearness and precision will not be considered on appeal. Howell v. Smith, 206 Ala. 646, 91 So. 496(6); 2A Ala.Dig., Appeal & Error, ☞724(1) (2). Certainly the assignment lacks clarity and precision.

We affirm the judgment of the trial court.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL, COLEMAN and HARWOOD, JJ., concur.