251 So.2d 204

The FIRST NATIONAL BANK OF BIR-
MINGHAM, Alabama, a National
Banking Association

v.

Martha H. BROWN, as Executrix of the Es-
tate of James Mitchell Brown,
Deceased, et al.

6 Div. 828.

Supreme Court of Alabama.

July 29, 1971.

John Self, Hamilton, for appellant.

Fite, Davis & Fite, Hamilton, for appellee Martha H. Brown, as Executrix of Estate of James Mitchell Brown, deceased.

Tweedy, Jackson & Beech, Jasper, for appellee Hamilton United Methodist Church, an Unincorporated Association.

McCALL, Justice.

The First National Bank of Birmingham, as executor and testamentary trustee, under the last will and testament of Ella Brown, deceased, appeals from a decree entered by the circuit court, in equity, in a suit to contest the decedent's will.

Ella Brown's only heirs at law were two nephews, Rex Johnson Brown and James Mitchell Brown. By the terms of a trust created in her will, the testatrix directs the trustee Bank to distribute from the trust equal amounts of money in annual installments to each of her two nephews for life. Upon the death, respectively, of each nephew and that of his immediate heir or heirs, as the case may be, the trustee is directed to distribute that income to the Hamilton United Methodist Church of Hamilton, Marion County, Alabama.

James Mitchell Brown filed this suit in equity to contest Ella Brown's will on the grounds of mental incapacity and undue influence exercised over her, when she executed the instrument. In its answer, the Bank denied that the will was invalid, and denied each and every allegation of the grounds of contest.

After the contestant, James Mitchell Brown's death, his wife, Martha H. Brown, revived the pending suit in her name, as executrix under her deceased husband's will. General Acts Alabama, 1947, p. 543; Tit. 7, § 153(1), Code of Alabama, Recompiled 1958. Before a trial of the will contest, the court entertained Mrs. Brown's written petition, entitled "Petition of Consent to Settle Will Contest," to which she attached a proposed compromise, entered into by all parties interested in the dece-

**244**

dent's estate, except the executor-trustee Bank. After hearing evidence ore tenus in open court, the court approved and adopted the proposed compromise and decreed, (a) the will of Ella Brown is null and void, (b) ordered the assets of the decedent's estate equally divided among the following: Martha H. Brown, as executrix of the estate of James Mitchell Brown, deceased, Rex Johnson Brown and Hamilton United Methodist Church of Hamilton, Marion County, Alabama, and (c) directed the expenses of the estate, including taxes, to be borne equally by the parties to the agreement, and to be paid prior to the distribution of the assets of the estate. The decree further ordered and directed the executor-trustee Bank to be discharged and to pay over to an administrator of Ella Brown's estate, yet to be appointed, all assets and all things of value. It further ordered an accounting by the Bank of its actions to be had within fifteen days from being furnished a certified copy of letters of administration, by a person, qualified as the administrator of the decedent's estate.

The court sanctioned compromise agreement also states that the parties considered the expenses of the pending litigation, the time involved in its disposition, the uncertainty of its outcome, and the question of the mental competence of Ella Brown to make a will, and that in consideration of those variables and their mutual covenants, they agreed and consented to adjust by compromise the pending suit, and further, that the parties felt that the court's approval of the compromise would be in the best interest of the estate and those interested in it.

There are a total of forty-one assignments of error. The appellant's argument, as we understand it, is that the contest of a will in chancery is in the nature of a proceeding in rem. It is to determine the status of the res; that is, whether there is a will or not, and not the rights of the parties. Kaplan v. Coleman, 180 Ala. 267, 60 So. 885; Ex parte Walter, 202 Ala. 281,

283, 80 So. 119; Nesmith v. Vines, 248 Ala. 72, 26 So.2d 265. With such a statement of law, we find no fault, but such neither disposes of nor conflicts with the issue here of the right of the parties to a will contest to settle and compromise the contest suit and thereby avoid protracted and expensive litigation.

Assignments of Error No. 16, 37, 38, 39, and 40. The case of Harris v. Harris, 211 Ala. 144, 99 So. 913, involved the settlement and compromise of a proceeding to contest a will in the probate court wherein the complainant in equity sought to have annulled and vacated for fraud the order of the probate court which denied the probate of the decedent's will. The order was entered upon summary proof following a compromise during a second trial of the will contest. This court stated that there was no cause for complaint that the case was compromised. Extended and costly litigation was in progress. The Supreme Court observed:

"* * * In such condition the law favors compromise, and the courts may by all legal means encourage the same. The form of judgment or decree to be entered may itself be matter of agreement and compromise between parties sui generis properly represented. * * *"

This court also stated in Burleson v. Mays, 189 Ala. 107, 111, 66 So. 36, 38, a will contest case:

"It has been ruled by this court that the compromise of matters in dispute between parties or litigants, in the absence of fraud, is of itself a sufficient consideration to uphold a contract of settlement which, when made, was binding on both parties. Wyatt v. Evins, 52 Ala. 285; Allen v. Prater, 30 Ala. 458. * * * Here there was a pending suit, and reasonable ground for the controversy."

Again in Hodge v. Joy, 207 Ala. 198, 203, 92 So. 171, 176, we find this pertinent language in the court's opinion:

"That families may adjust their differences as to interests in common property,

and that it is the policy of the law to encourage and facilitate amicable adjustment of disputes or to effectuate division of such joint property according to the agreement of all the parties in interest, has been declared and enforced by this and the English courts. Betts v. Ward, supra [196 Ala. 248, 72 So. 110]; Oliver v. Williams, 163 Ala. 376, 50 So. 937; Yarborough's Adm'r v. Avant, 66 Ala. 526; Ireland v. Rittle, 1 Atkyns, Eng.Ch. p. 541."

■ Although the above cases involve "family settlement" situations, the policy of fostering compromises is likewise applicable to nonfamily parties, if they would share in the estate under the will. Harris v. Harris, supra. Assignment of Error 18.

The termination of a trust by court approval of a compromise agreement proposed by the parties to the litigation is commented on in Bogert, Trusts and Trustees, 2d Ed., § 1009, p. 567 in the following language:

"* * * Where such litigation is pending the parties not infrequently get together in an effort to save expense and delay and do some measure of justice to all and form a plan for the alteration or termination of the trust and other donative provisions, and they apply to the court for the approval of the compromise and the distribution of the property accordingly.

"In many cases, as a result of statute or the inherent powers of the court, it has been held that the court may in its discretion approve the plan and the consequent alteration or termination of the trust. But the court should be convinced that the litigation was undertaken in good faith and that there was reasonable ground for it, since otherwise there is an opportunity for imposition on the court and an evasion of the usually prevailing rules regarding the termination of trusts which are active and useful. While the courts regard it as good public policy to encourage family settlements and pre-

vent hostility and enmity between kinsmen, they will not permit fraudulent and underhanded dealings. In addition the court requires proof that the results of the plan will be fair to all the parties involved."

Attention is also given this subject in American Law Institute, Restatement (Second) of Trusts, § 337, p. 158 in the following comment:

"* * * The beneficiaries of a trust, if all consent and none is under an incapacity, can compel its termination if the continuance of the trust is not necessary to carry out a material purpose of the trust, although the period fixed by the terms of the trust for its duration has not expired. On the other hand, even though they all consent, they cannot compel the termination of the trust if its continuance is necessary to carry out a material purpose of the trust."

In the Reporter's Notes found in the Appendix to this same work, § 337, p. 547, it is said:

"Thus where a trust is created under which the income is payable to one beneficiary for life and the principal is payable on his death to another beneficiary, the beneficiaries can terminate the trust unless such termination would defeat a purpose of the settlor in creating the trust." Citing authorities which cite Restatement of Trusts, § 337.

As to a material purpose, Restatement of Trusts, § 377f. comments:

"* * * The mere fact that the settlor has created a trust for successive beneficiaries does not of itself indicate that it was a material purpose of the trust to deprive the beneficiaries of the management of the trust property for the period of the trust. If a trust is created for successive beneficiaries, in the absence of circumstances indicating a further purpose, the inference is that the only purpose of the trust is to give the beneficial interest in the trust property

to one beneficiary for a designated period and to preserve the principal for the other beneficiary, * * *"

While the present case involves the validity of a compromise of a contest of a will wherein a testamentary trust is provided for, and while the courts of some jurisdictions hold that agreements ordinarily are not given effect where there is a trust or specific restriction placed upon the property by the terms of the will, 37 Ind.L.J. 529; 29 A.L.R.3d 45, it also has been said that where the heirs of the testator are beneficiaries of the trust, all of the heirs, being competent to contract, may eliminate the trust by an agreement made to settle a controversy concerning the validity of the will. White v. Bourne, 151 Fla. 12, 9 So.2d 170; Budin v. Levy, 343 Mass. 644, 180 N.E. 2d 74; In re McLean's Estate, 138 Neb. 752, 295 N.W. 270.

We can see no reason why, on the one hand, the court should favor and encourage compromises in disputes between parties in interest in the absence of fraud and under conditions of a bona fide will contest, Harris v. Harris, supra; Burleson v. Mays, supra; Hodge v. Joy, supra, and on the other hand, decline to apply the same reasoning and rule in a similar kind of contest, where the will in question involves a nonspendthrift testamentary trust providing for mere successive beneficiaries, and no other material purposes.

■■ With this background of authority to point the way, we are constrained to hold that these parties were at full liberty to settle their differences. We point out that the attorney for the beneficiary church sensed that the contestant's pending court suit posed a bona fide issue as to the validity of the will, and was of sufficient concern to cause him to recommend the proposed compromise agreement to his client, rather than to have the church risk losing all, should the contestants prevail and the will be held invalid. Further, there were the matters of expense of trial, time involved, uncertainty of outcome, testamentary capacity of the decedent, and laws favoring compromises. The trial court heard evidence, and apparently considered it sufficient to find reasonable ground for a controversy because it entered an order or decree approving the proposed compromise. We will not reverse the trial court's conclusion, after its hearing the testimony orally and determining that reasonable grounds for disputing the validity of the will existed, unless plainly and palpably wrong, which we do not find to be the case. Orton v. Gay, 285 Ala. 270, 231 So. 2d 305; Garrison v. Grayson, 284 Ala. 247, 224 So.2d 606; Skinner v. Todd, 283 Ala. 279, 215 So.2d 721.

■ We conclude that the forbearance to continue the contest, constitutes a sufficient consideration for the compromise. It is thus stated in 29 A.L.R.3d 37 that where one or more members of a testator's family believe that they have a good ground for contesting his will, and they will benefit financially if they defeat the will and receive their intestate shares of the estate, ordinarily they may lawfully agree to forbear a contest in consideration of a transfer or payment to them of a portion of the decedent's estate or a larger portion than is given to them by the will.

In Allen v. Prater, 30 Ala. 458, the court said that forbearance by a party to a pending suit to prosecute a right asserted therein, and the yielding up of the right, thus asserted, are a sufficient consideration for a verbal promise by the adverse party to pay a certain amount of money.

■ In Alabama, a disputed claim, for which there is a reasonable ground, is held to be sufficient consideration to support an agreement as to such subject, without regard to the fact that the claim would prevail at law. Allen v. Prater, 30 Ala. 458; Burleson v. Mays, 189 Ala. 107, 66 So. 36; Hodge v. Joy, 207 Ala. 198, 203, 92 So. 171. There must be some reasonable ground for the existence of the controversy in the settlement of which it was made. Allen and Wife v. Prater, 35 Ala. 169, 174; Allen v.

Prater, 30 Ala. 458, 459; Prater v. Miller, 25 Ala. 320; Crawford v. Engram, 157 Ala. 314, 47 So. 712.

In Hodge v. Joy, supra, the husband claimed under the laws of descent and distribution, while the son and daughter of the decedent claimed under a lost will, proof of the existence of which was offered. By the will the father, son and daughter were each given an undivided third. To settle their difference and their dispute amicably they executed a written agreement that the father was entitled to a half and the children each a fourth interest in the decedent's properties. Commenting on the effect of the agreement, the court said that it was an extinguishment and surrender of all of the son's and daughter's rights under the will, taking in lieu thereof, by the writing subscribed by them.

Our conclusion and opinion is that once the compromise agreement is validly established among the parties in interest, those who would otherwise take under the will, relinquish their rights thereunder and they take in lieu thereof under the compromise agreement. Hodge v. Joy, supra. Harris v. Harris, supra, is to the same effect and further holds that the form of judgment or decree to be entered in such a case may itself be matter of agreement and compromise between parties sui generis properly represented. Such being the law's expression, and both the will and compromise agreement being incapable of effectual co-existence, one necessarily must prevail over the other. We see no reason why the court could not, as it did, declare the inevitable results, that the will becomes null and void, when the parties in interest enter upon a validly executed compromise agreement which is in lieu of the will.

The court's approval of the compromise agreement was sought in this case by way of a Petition of Consent to Settle Will Contest. We find in Bogert, Trusts and Trustees, 2d Ed., § 994, p. 437, the following statement on the power of the court to approve an agreement:

"* * * However, where there has been bona fide litigation regarding the validity or terms of a trust, and the parties propose a compromise agreement by which the rights of the cestuis are changed, the court has the power and sometimes exercises it, to approve the agreement and thus alter the dispositive provisions of the trust instrument, where the court is convinced that the settlement is fair and reasonable."

Appellant's demurrer to the Petition of Consent to Settle Will Contest assigns several grounds most of which vary in form, but are general in nature and effect in that they go to test the general equity of the petition. For the reasons heretofore stated, we think that the petitioner as a party, interested under the compromise agreement, has a right to have determined any question of construction or validity, arising under that agreement, and that the court has the power to declare the rights, status and other legal relations of the parties under that agreement. These matters give the petition equity, when filed in an equity proceeding. As to any other criticisms of the petition, raised by the demurrer, we do not find them mentioned in appellant's brief. There was no error in overruling the demurrer. Assignment of Error 5.

Other than serving as a fiduciary, the trustee Bank has no interest in the decedent's estate. It was not a devisee or legatee under the will, or the owner of any interest in her estate. As a trustee and personal representative, the Bank has the duty of defending the integrity of the trust, if it has reasonable ground for believing that the attack is unjustified or if it is reasonably in doubt on that subject, Bogert, Trusts and Trustees, 2nd Ed., p. 207, and the authority to administer the decedent's estate according to the will, not to participate by sharing in it. The Bank was already a party respondent to the bill to contest, in which proceeding the petition was filed, and such fact was averred in the Consent to Settle Will Contest. It was duly

served with a copy of the petition to compromise the contest. On this, there was a court hearing, participated in by the Bank. The Bank's rights as trustee were protected, but it had no such interest as made it necessary for it to sign the compromise agreement, entered into by the beneficiaries and heirs. Assignment of Error 12.

■ Although the appellant made no objection to the introduction and admission in evidence of the compromise agreement, entitled "Consent to Settle Will Contest," it contends now, as it did in the trial court, that the Board of Trustees was without power and authority to execute the agreement unless directed by the Charge Conference of the church. We have consulted the pertinent parts of the Church Discipline, found in the record, and conclude therefrom that while the Charge Conference is vested with power and authority to direct the Board of Trustees in such a matter as is presented, its direction is discretionary and not mandatory toward the trustees' acting. There was testimony that the Board of Trustees had full authority to act in behalf of the church in such matters, and further the Discipline of the church provides that the trustees of the church have the same authority as a board of directors of a corporation. Such entity has statutory authority to manage the business and affairs of the corporation, except as may be otherwise provided in the certificate of incorporation. Tit. 10, § 21 (24), Code of Alabama, Recompiled 1958. Under this evidence, the question of the authority of the Board of Trustees to act was one of fact for the court to decide, and there being evidence to support the court's holding that the Board had such power and authority, we will not interfere with its action. Assignments of Error 31, 32.

■ The appellant objected to a question asked Mrs. Brown, a witness, as to whether or not she had examined the Consent to Settle the Will Contest. While the objection was overruled, the question went unanswered by the witness. No error resulted from this ruling. Plott v. Foster, 7 Ala.App. 402, 62 So. 299, Cravey v. Covington County Bank, 17 Ala.App. 113, 82 So. 561; 4A C.J.S. Appeal and Error § 1169a (3), p. 1277. Assignment of Error 27.

■ The appellant's Assignment of Error 19 is that the Consent to Settle Contest of Will fails to set forth the interest of each of the parties to the settlement. We have examined the petition to which the Consent to Settle Contest of Will is attached and made a part. We find that the interest of each party is clearly stated. If the compromise agreement includes parties that are not parties under the will, such would not be objectionable, because the very purpose of the proceeding before the court is to obtain approval of the compromise agreement in lieu of the will. There is no merit in Assignments of Error 20, 21, 22, 23.

■ The witness, Leon Raley, was asked on direct examination whether or not there were present at the church meeting more than half the number that were given notice to attend. The appellant's contentions are that the question calls for a conclusion of the witness, a self serving answer and is leading. We do not think that the question was subject to any of these grounds of objection. (Assignment of Error 28.) Appellant's objection to the introduction of the minutes of the church meeting did not come until sometime after they had been admitted and was too late. Salter v. Cobb, 264 Ala. 609, 614, 88 So.2d 845; Gilbreath v. Gilbreath, 278 Ala. 289, 294, 177 So.2d 915; Strickland v. Strickland, 285 Ala. 693, 235 So.2d 833. Assignment of Error No. 29. The testimony of the witness Ballard that some additional stewards came in after the meeting began was not objectionable on the ground of being a conclusion of the witness. It was a statement as to an express fact about which the witness professed knowledge. Assignment of Error 30.

There is no merit in appellant's assignment that Martha H. Brown was without authority to sign her daughter's name to the compromise agreement under the power of attorney, which was admitted in evidence without objection. In pursuance of this power, the mother executed the compromise agreement as the act of her daughter, and no objection was interposed to the mother's signing the agreement for her daughter, when it was admitted in evidence. Assignment of Error 41.

At the conclusion of the appellee Martha H. Brown's case, the appellant made an oral motion to dismiss the Petition to Settle the Will Contest on the grounds that the petition had not been proved, the validity or the invalidity of the will had not been decided, and an actual existing controversy between the parties had not been shown. In view of what we have said in the foregoing, we find no merit in any of the grounds of this motion, and we conclude that the trial court did not err in denying it. Assignments of Errors 6, 7, 10, 11.

The appellant's Assignment of Error No. 13 reads as follows:

"For that the Court erred in rendering the said Decree and Judgment (T–107) in that the appellees failed to strictly prove each and every allegation of Aspect numbered Four of said Petition of Consent to Settle Will Contest (T–18) and said appellant denied the allegations in his answer and demanded strict proof thereof. (T–35)."

Appellant's argument presented in his brief on this assignment is: "Propositions No. 11 and 13 affirmatively show that the petitioner must prove the allegations of the Petition of Consent to Settle Will Contest." Proposition No. 11 states: "To authorize relief in equity the allegations and proof must correspond, and no matter how just the demand established by the proof, if it does not harmonize with the allegations of the bill, the complainant is not entitled to relief. W. T. Smith Lumber Co.

v. Foshee, 277 Ala. 71, 167 So. (2d) 154." Proposition No. 13 states: "To put complainant to proof of averments of bill, they must be denied. P[r]owell v. Wilson, 219 Ala. 645, 123 So. 38. Sylvest v. Stowers, [276 Ala. 695,] 166 So. (2d) 423." Appellant's argument is no more than a statement that the allegations and proof must correspond, and that they fail to do so. Assuming without deciding the sufficiency of this assignment of error, the appellant has not substantially argued the assignment of error as required by Supreme Court Rule 9. Holley v. Josey, 263 Ala. 349, 82 So.2d 328; Morgan v. Cherokee Co. Bd. of Educ., 257 Ala. 201, 58 So.2d 134; Alsup v. Southern Mfg. Co., 248 Ala. 405, 27 So.2d 781. The assignment of error likewise alleged a failure to prove each and every allegation of Aspect Four. The appellant has not pointed out wherein the evidence was insufficient or lacking in harmony with the allegations of paragraph number four of the bill. While we do not purpose to impose an unduly strict construction of Supreme Court Rule 9, there must be a substantial argument of the assigned error, so that the court may ascertain from the brief the point relied on for a reversal. Wilson v. McClendon, 259 Ala. 382, 66 So.2d 924; Propst v. Brown, 250 Ala. 282, 34 So.2d 497; Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639. The same insufficiency of argument exists with respect to Assignments of Error 14 and 15 where each argument adopts the so-called argument offered under Assignment of Error No. 13.

Assignments of Error No. 1, No. 2, and No. 3 are, respectively:, "For that the decree and judgment is contrary to the law," " * * * contrary to the facts in the case," and " * * * contrary to public policy." Such assignments of error have been held to be too general and will not be considered on appeal. Jones v. Wise, 282 Ala. 707, 213 So.2d 914; Franklin v. State, 275 Ala. 92, 152 So.2d 158; N.A.A.C.P. v. State, 274 Ala 544, 150 So.2d 677, rev'd on other grounds, 377 U.S. 288, 84 S.Ct. 1302,

12 L.Ed.2d 325. For the same reasons Assignment of Error No. 4 is too general. It charges: "For that the decree and judgment is not sustained by the great preponderance of evidence and is contrary to both the law and the facts." Department of Pensions and Security v. Simms, 275 Ala. 61, 152 So.2d 126; Coastal States Life Ins. Co. v. Gass, 278 Ala. 656, 180 So.2d 255; Thornton v. Tutt, 283 Ala. 72, 214 So.2d 425.

■ Assignments of Error No. 26 and No. 33 are not argued and are therefore waived, Supreme Court Rule 9. Valley Heating, Cooling & Elec. Co. v. Alabama Gas Corp., 286 Ala. 79, 237 So.2d 470.

Assignment of Error No. 8 is as follows:

"For that the Court erred in failing to demand strict proof by the appellees of each and every allegation of said Petition of Consent to Settle Will Contest as demanded in the appellant's answer to said petition. (T–35)"

Assignment of Error No. 9 is as follows:

"For that the Court erred by failing to give consideration to the validity of the will. (T–107)"

Assignment of Error No. 17 is as follows:

"For that the Court erred in failing to recognize the validity of the will the subject of this cause of action. (T–36)"

■ The three foregoing assignments are defective, if for no other reason, because the assignments are not predicated on adverse rulings of the trial court. When an assignment is not so predicated on an adverse ruling of the trial court, it will not be considered. State v. Dempsey, 286 Ala. 397, 240 So.2d 361; Tyson v. U. S. Pipe & Foundry Co., 286 Ala. 425, 240 So.2d 674; Biddy v. Biddy, 284 Ala. 68, 222 So.2d 162. The same objection may be said of Assignments of Error 34 and 35.

In the case of Hubbard v. Cornutt, 278 Ala. 512, 514, 179 So.2d 90, 93, the opinion states:

"Assignment of error No. 9 refers to the plea which was stricken. It argues that it should have been carefully considered. But this assignment is general and lacks specificity. It refers to no judgment of the trial court in striking the plea, but refers only to the refusal of the court to consider the plea. * * *

"We have held that an assignment of error which does not succinctly point out the error complained of with clearness and precision will not be considered on appeal." Authorities cited.

Assignments of Error 24 and 25 are to the effect that the court erred in failing to recognize that certain parties to the settlement should be estopped from entering into the settlement. We think these two assignments fall within the category of assignments disapproved above and therefore will not be considered.

■ Assignment of Error 36 is to the effect that the court's decree is not sustained by the great weight of the evidence and facts in the case. Unless the decree is plainly and palpably contrary to the weight of the evidence, it will not be disturbed. Deese v. Odom, 283 Ala. 420, 218 So.2d 134; Butts v. Lancaster, 279 Ala. 589, 188 So.2d 548; Talbot v. Braswell, 266 Ala. 578, 98 So.2d 7; Lovelace v. McMillan, 265 Ala. 290, 90 So.2d 822. If under any reasonable aspect of the case, the decree is supported by credible evidence, then it is due to be affirmed. Rodgers v. Thornton, 254 Ala. 66, 46 So.2d 809; Lott v. Keith, 286 Ala. 431, 241 So.2d 104.

We have considered this case carefully and conclude that there is no error in the record. The decree of the trial court is due to be and hereby is affirmed.

Affirmed.

HEFLIN, C. J., and SIMPSON, COLEMAN and BLOODWORTH, JJ., concur.