BEATTY, Justice.
Petitions for writ of mandamus directed to the Honorable Walter G. Bridges, Judge of the Circuit Court of Jefferson County, Bessemer Division. The writ is granted.
On April 19, 1981, petitioners James M. Boyd, Lawrence Martin Boyd and Karen Elizabeth Boyd, filed complaints in the Circuit Court of Jefferson County, Bessemer Division, contesting two separate instruments dated October 22, 1979. One instrument purports to be the last will and testament of Carl Evans Boyd, who died September 4, 1980, and the other the last will and testament of Luther Claud Boyd, who died December 23,1980. Hereinafter, those instruments will be referred to as the “1979 wills.” The plaintiffs/contestants in the will contests are heirs-at-law of both Carl Evans Boyd and Luther Claud Boyd and/or beneficiaries of instruments dated May 14, 1975, amended by codicils dated June 1979, which also purport to be the last wills and testaments of the aforementioned decedents. Those instruments will hereinafter be referred to as the “1975 wills.” The basis of the contests is the plaintiffs’ allegations that at the time the 1979 wills were executed neither Carl Evans Boyd nor Luther Claud Boyd had testamentary capacity to make a will.
Petitioners Catherine Boyd, Edna Ruth Butler, Kay B. Mitchell and Bari B. Montgomery, are defendants in the will contests and beneficiaries of the 1979 wills, which were admitted to probate in the Probate Court of Jefferson County on October 17, 1980, and December 29, 1980, respectively. The defendants are also beneficiaries of the 1975 wills.
During the pendency of the will contests, all the parties entered into written agreements which settled and resolved all questions regarding the administration and distribution of the estates of Carl Evans Boyd and Luther Claud Boyd.
By the terms of the settlement the parties agreed that consent orders be entered in the cases holding that the purported 1979 wills are null and void and not the last wills and testaments of the testators in question. The parties further agreed that the estates be administered and distributed in accordance with the 1975 wills and agreement of the parties.
After entering into the settlement, the parties petitioned Judge Bridges to enter an order confirming the agreements and making a disposition of the will contests in accordance with the agreements. On April 6, 1982, Judge Bridges entered an order denying the joint petitions for settlement and disposition of the will contests. Thereafter, all the parties joined as petitioners to file this petition for writ of mandamus.
It is well settled that mandamus is the appropriate remedy by which to compel a lower court to perform particular ministerial duties. In re Estate of Potts, Ala., 356 So.2d 142 (1978). And, the act of entering a consent judgment in a manner lawfully agreed upon between the parties and within the authority of the court is ministerial. State v. Jones, 252 Ala. 479, 41 So.2d 280 (1949). Petitioners contend that mandamus should lie in the present case because, contrary to the principles enunciated by this *579 court in First National Bank of Birmingham v. Brown, 287 Ala. 240, 251 So.2d 204 (1971), Judge Bridges refused to enter consent judgments carrying out the settlement of the will contests. We agree.
In Brown, supra, we recognized the right of heirs-at-law and beneficiaries of wills to settle and adjust among themselves a will contest and all issues that arise from it, including the division, distribution and administration of the decedent’s estate. The effect of the parties’ agreement in Brown was that the trial court entered an order declaring that the will which was the subject of the contest was null and void. We affirmed, holding “that the form of judgment or decree to be entered in such a case may itself be a matter of agreement and compromise between parties sui generis represented.” Id. at 247, 251 So.2d at 209 (citing Harris v. Harris, 211 Ala. 144, 99 So. 913 (1924)).
Judge Bridges, the respondent in this case, claims that he could not enter judgments declaring the 1979 wills null and void without a finding of fact that the testators lacked testamentary capacity to make the wills. However, the will in Brown was declared null and void without any such finding of fact. An order or decree approving the proposed compromise should be entered if there is “some reasonable ground for the existence of the controversy,” without regard to whether the claim would prevail at law. 287 Ala. at 246, 251 So.2d at 209. The disputed claim is sufficient consideration to support an agreement as to such subject. Actual proof of the contested facts through litigation is not a prerequisite to the parties’ settlement. Here, the alleged lack of testamentary capacity of the decedents was a reasonable ground for justifying the controversy.
The petitioners’ right to relief is clear. Accordingly, the writ of mandamus must be, and is, granted. We hereby direct the trial court to set aside and vacate the orders denying the joint petitions for settlement and disposition of the will contests and to enter an order granting the petitions.
WRIT GRANTED.
TORBERT, C. J., and FAULKNER, JONES and SHORES, JJ., concur.