215 So.2d 721

**J. C. SKINNER**

v.

**Evander TODD et al.**

1 Div. 512.

Supreme Court of Alabama.

Nov. 14, 1968.

Michael Onderdonk, Chatom, for appellant.

Wyman O. Gilmore, Grove Hill, for appellees.

**280**

KOHN, Justice.

This action was initiated in the circuit court of Clarke County, Alabama, in equity, by the complainants, Evander Todd and Cora J. Todd, seeking the cancellation of a deed which had been executed and delivered to the respondent, J. C. Skinner.

The complaint alleged, among other things, that the deed was executed without proper consideration; that the signatures of complainants were secured while the complainants were under the coercion or undue influence of the respondent; and that the respondent made false representations upon which the complainants relied, which resulted in their injury and damage. The bill of complaint was filed on July 9, 1966.

On August 11, 1966, the respondent demurred to the complaint, and on December 14, 1966, filed his plea and answer to the bill of complaint.

On December 14, 1966, complainants amended their bill of complaint by offering to do equity in the premises. The bill was further amended on February 9, 1967, alleging that the reasonable market value of the land was $7,200, rather than $5,760, as originally stated. Complainants further alleged that, due to their age and senile condition, they were not in any mental condition to transact business at the time, and that through fraudulent acts and representations the respondent was able to procure the conveyance of complainants' land without any valid consideration. The bill of complaint further alleges that complainant, Evander Todd, was 87 years of age at the time of the execution of the deed and that complainant, Cora J. Todd, was 83 years of age.

On February 9, 1967, respondent filed his plea and answer to the amended complaint.

The case was heard at the regular term of the circuit court of Clarke County, Alabama, in equity. The testimony was heard without the presence of a jury. A final decree was rendered on August 14, 1967, in which the court found that the complainants were entitled to the relief prayed for. There were two grounds for the trial court's decision. First, that the consideration paid by the respondent to the complainants was inadequate. Secondly, that the complainants are old and senile, and from their appearances in court, the court was convinced that they were feeble-minded and did not understand the transaction they were entering into, due to their age and physical and mental condition.

On September 19, 1967, the final decree was amended to allow the respondent additional time within which to comply with the trial court's decree with respect to reconveying the land to the complainants.

Notice of appeal and security for costs were taken and approved February 13, 1968, and this appeal was perfected.

■ Before reaching the issues presented by this appeal, we feel constrained to point out an oft-repeated principle of law in this jurisdiction, one which will guide us throughout this appeal. That is, where evidence is taken ore tenus before a trial court, its findings will not be reversed unless plainly and palpably erroneous. Williams v. Davis, 280 Ala. 631, 197 So.2d 285; State v. Reynolds Metals Co., 280 Ala. 561, 196 So.2d 408; Thompson v.

Thompson, 280 Ala. 566, 196 So.2d 412; Gilbreath v. Gilbreath, 278 Ala. 289, 177 So.2d 915.

Appellant (respondent below) lists six assignments of error.

Assignments of error Nos. 1 through 5, are to the effect that the trial court erred in rendering judgment for the complainants in that the evidence was insufficient to sustain the judgment, and that the judgment is contrary to the great weight of the evidence.

■ One of the allegations of the bill of complaint is that the deed was executed by reason of the undue influence of the respondent. What constitutes undue influence in procuring a deed depends upon the facts and circumstances of each case. Jones v. Boothe, 270 Ala. 420, 119 So.2d 203.

The record is replete with testimony concerning the value of the 75 acres of land. The record discloses testimony that the reasonable market value of the land was from $55 per acre to $100 per acre. The appellees were paid $20 per acre, or a total of $1500 (less $20 for preparation of an abstract) for the 75 acres in question.

In Floyd v. Green, 238 Ala. 42, 188 So. 867, we held that a conveyance of land obtained by grossly inadequate consideration and by unfair advantage taken of persons of great mental weakness, though not amounting to absolute incapacity of the grantor, will, in equity, be set aside on equitable terms when application therefor is made by the grantor.

■ In view of the evidence before the trial court, we cannot conclude that the decision of the trial court in this respect was erroneous. The trial court had the opportunity to observe the witnesses, and following a rule of long standing in this jurisdiction when evidence is taken ore tenus before a trial court, the trial court's findings will not be reversed unless palpably erroneous. Gilbreath v. Gilbreath, supra.

■ In assignment of error No. 6, appellant insists that there is a variance between the pleading and the proof. We conclude that the trial court's findings are not at variance with the pleading.

In Cox v. Parker, 212 Ala. 35, 101 So. 657, we held the following:

"In taking testimony, evidence was produced by expert witnesses and others tending to show mental incapacity—want of capacity to know and understand the nature of the transaction in which the donor was engaged. The suggestion is made that *on an issue of undue influence alone*, such testimony should be disregarded; that undue influence implies mental capacity, but controlled and supplanted by the will of another; that proof of mental incapacity disproves undue influence. We consider this position correct. [Emphasis supplied].

"Without an averment putting in issue the question of mental capacity, testimony on that point, as distinguished from mental weakness in connection with undue influence, is not pertinent."

Turning now to the amended bill of complaint, we note that it reads in part:

"Complainants further allege and aver that due to their age and senile conditions, that they were not in any mental condition to transact any business. * * *"

We think the averments of the bill are sufficient to raise the issue of mental capacity of the complainants to transact business. This averment put in issue their mental condition. Taking this view of the bill, we cannot conclude that there was a variance between the pleading and the proof. See, Cox v. Parker, supra.

On the question of mental capacity, the trial court heard the witnesses and the appellees testify, and had the opportunity to observe their demeanor, then concluded:

"The Complainants were old and senile and from their appearance in Court, the

Court is convinced that they are feeble-minded and did not understand the transaction that they were entering into, due to their age and physical and mental condition."

Furthermore, although we think the decree of the trial court giving its reasons were a proper basis for its conclusions, statements by the trial judge showing the basis on which his conclusion of fact is founded are not part of the judgment. Cherokee County v. Cunningham, 260 Ala. 1, 68 So.2d 507.

The question for our decision is whether the decree of the trial court is correct, not whether the ground on which the trial court professed to proceed is tenable. County Board of Education of Clarke County v. Oliver, 270 Ala. 107, 116 So.2d 566.

For the reasons noted, the decree of the trial court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and HARWOOD, JJ., concur.