Alabama Insurance Guaranty Association ("AIGA") appeals from a summary judgment in favor of Colonial Freight Systems, Inc., in Colonial Freight's declaratory judgment action.
Colonial Freight is incorporated under the laws of Alabama and has its headquarters in Knoxville, Tennessee. Its business is freight transportation using over-the-road tractor-trailer rigs either owned by or leased to it. One of Colonial Freight's trucks was involved in a wreck in Florida with Cora Solla, who sued Colonial Freight to recover for her injuries. Because Colonial Freight's insurance company was declared insolvent and unable to provide coverage, Colonial Freight filed a claim with AIGA, requesting that AIGA defend Colonial Freight on Solla's claim. AIGA is a non-profit association created pursuant to the Alabama Insurance Guaranty Act, Ala. Code 1975, §§ 27-42-1
through 27-42-20. AIGA refused initially to defend the claim but later agreed to handle the claim under a reservation of rights. AIGA claimed that Colonial Freight was a resident of Tennessee because of its significant contacts there and, therefore, should be defended instead by the Tennessee Insurance Guaranty Association ("TIGA").
According to both parties, the following events occurred: Prior to trial, Colonial Freight settled with Solla for $300,000, with Colonial Freight to pay her $250,000 and Solla to pursue recovery under her uninsured motorist coverage, which was $50,000. She received $25,000 under her *Page 476 
policy, and Colonial Freight paid her the $250,000, for which it sought reimbursement from AIGA up to the statutory limit ($150,000 under § 27-42-8). When AIGA refused, Colonial Freight filed a declaratory judgment action seeking a declaration of its status as a resident of Alabama and seeking protection under the Alabama Insurance Guaranty Act. The trial court held that Colonial Freight is a resident of Alabama and that AIGA must reimburse Colonial Freight $125,000, allowing for the $25,000 Solla received in uninsured motorist coverage.
The two issues on appeal are whether Colonial Freight is, in fact, a resident of Alabama and whether the amount AIGA reimbursed Colonial Freight should have been reduced by $50,000 (the amount of her policy) or by $25,000 (the amount she actually received).
AIGA argues that a finding by an arbitration panel (submitted to by AIGA and TIGA) that Colonial Freight is a resident of Tennessee because of its substantial contacts precludes a finding of residency in Alabama. The language of JacksonSecurities Investment Co. v. State, 241 Ala. 288, 292,2 So.2d 760, 764 (1941), is very clear on the issue of residence: "[A] corporation is a citizen, resident or inhabitant of the state under whose laws it was created. . . ." Because it was incorporated in Alabama, Colonial Freight is a resident of Alabama; therefore, the trial court was correct in holding that AIGA must reimburse Colonial Freight for the $125,000.
With regard to Solla's collection under her uninsured motorist policy, § 27-42-12(a) provides:
 "Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to exhaust first his rights under such policy. Any amount payable on a covered claim under this chapter shall be reduced by the amount of any recovery under such insurance policy."
(Emphasis added.)
The trial court correctly held that the appropriate amount by which to reduce Colonial Freight's reimbursement from AIGA was $25,000, the amount of Solla's recovery, and not $50,000, the full coverage under her policy. The language of the statute clearly refers to "recovery" and not to full amounts potentially payable under her policy. Therefore, the trial court's summary judgment on this issue was correct, and it is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.