OWEN DRILLING COMPANY and Home Insurance Company *v.* Joe Walters ALLISON

CA 90-148                                    800 S.W.2d 728

Court of Appeals of Arkansas
Division II
Opinion delivered December 26, 1990

*Shackleford, Shackleford & Phillips, P.A.,* for appellants.

*Spencer, Spencer, Depper & Guthrie*, by:*Robert L. Depper, Jr.*, for appellee.

JOHN E. JENNINGS, Judge. The issue to be decided is whether an employee is entitled to recover the full amount of medical expenses incurred as a result of a compensable injury, without offset for amounts previously paid by his own private medical insurance. The Commission held that the employer, or its insurance carrier, was not entitled to an offset. We agree and affirm.

The claimant, Joe Allison, was injured while working for Owen Drilling Company. Owen Drilling controverted the claim, the Commission held the claim compensable, and we subsequently affirmed the Commission's decision. During the two years that compensability was at issue, Allison incurred approximately $48,000 in medical expenses. The claimant's private medical insurance carriers, Blue Cross Blue Shield and Physician's Mutual, paid approximately $42,000 of these expenses and the employer's carrier, Home Insurance Company ultimately paid the balance. Allison then brought these proceedings to recover the amount paid by his own medical insurance carriers.

The Commission relied primarily on *Standard Fire Insurance Co.* v. *Ratcliff*, 537 S.W.2d 355 (Tex. Civ. App. 1976). There the court said:

> Appellant's argument that Plaintiff's claim for medical expenses was defeated because they were paid by International Insurance Co., a third party, is without merit. The rule is well established in workmen's compensation cases that where the claimant's medical expenses were paid by a third party, the claimant is not deprived of his right to recover the value of such services by the workmen's compensation carrier.
>
> The above rule announced and applied in *Cooper* and *Kirchoff* is closely akin to the "collateral source" rule applied in cases other than workmen's compensation. . . .

537 S.W.2d at 358 (citations omitted).

Appellant's contention that the application of the collateral source rule is restricted to tort cases cannot be sustained. The rule

has application in contract actions and, in the law of workers' compensation, has been thus expressed:

> As to private pensions or health and accident insurance, whether provided by the employer, union, or the individual's own purchase, there is ordinarily no occasion for reduction of compensation benefits.

4 A. Larson, *The Law of Workmen's Compensation* § 97.51(a) (1990).

We have twice quoted this general rule with approval. *See Varnell* v. *Union Carbide*, 29 Ark. App. 185, 779 S.W.2d 542 (1989); *Emerson Electric* v. *Cargile*, 5 Ark. App. 123, 633 S.W.2d 389 (1982). In the case at bar the Commission noted that Ark. Code Ann. § 11-9-508(a) (1987) requires the employer to "promptly" provide medical services. The Commission stated:

> We are unable to agree that this payment will unjustly enrich the Claimant, since a holding to the contrary would discourage prompt payment by employers who hope that a private carrier will relieve them of their obligation while the claim is being controverted.

Furthermore, as Professor Larson notes, the result of our holding need not be a windfall to the claimant.

> Although avoidance of duplication cannot ordinarily be achieved under American statutes in these cases by, so to speak, trimming at the compensation end, it is frequently achieved by express language trimming at the private-plan end, that is, by reducing the private benefits by the amount of any compensation payments.

Larson, *supra*, § 97.51(c).

We also agree with the Commission that *McGehee Hatchery Co.* v. *Gunter*, 234 Ark. 113, 350 S.W.2d 608 (1961), is distinguishable. There the supreme court held that a claimant, whose medical expenses had been paid in full through a workers' compensation proceeding in another state, was not entitled to receive a duplicate cash award on grounds of public policy. One primary distinction between *McGehee* and the case at bar is that the policy considerations underlying the collateral source rule were absent in *McGehee. See* D. Dobbs, *Handbook on the Law of*

*Remedies* § 3.6 at 186 (1973).

█ We conclude that the Commission's holding that the employer is not entitled to an offset for medical expenses paid by the claimant's private insurance carrier is correct.

Affirmed.

CORBIN, C.J., and COOPER, J., agree.