This is an appeal from a judgment setting aside a conveyance of 55 acres based on a finding of undue influence and inadequate consideration. Henry and Catherine Moore appeal, arguing that the trial judge erred in finding that the conveyance, made to them by Minnie Lee Brown in consideration of $3,000 plus payment of a $1,860.20 debt owed by Ms. Brown, was made as a result of undue influence. We affirm.
Ms. Brown, according to the evidence provided by both parties, was a poor woman, uneducated and illiterate. She inherited approximately 80 acres from her father; that property had been mortgaged and Henry Moore, a cousin of Brown, and another cousin of Brown, prior to the events in question in this appeal, redeemed the *Page 612 
property for Ms. Brown following its foreclosure. In return, Ms. Brown conveyed approximately 3 acres to Moore and to the cousin. There was evidence that Ms. Brown later conveyed some of her property to one Josephine Jenkins, for less than $150 per acre, and also conveyed one acre to Ella Bell Simmons for a nominal consideration. Ella Bell Simmons was later appointed curator of Ms. Brown's affairs; in that capacity, she brought this suit to set aside Brown's conveyance of 55 acres to Moore and his wife for $3000 plus payment of a $1860.20 debt owed by Ms. Brown.
At the outset, we note that "[w]hat constitutes undue influence in procuring a deed depends upon the facts and circumstances of each case. Jones v. Boothe, 270 Ala. 420,119 So.2d 203." Skinner v. Todd, 283 Ala. 279, 215 So.2d 721
(1968). See also, Terry v. Terry, 336 So.2d 159, 162
(Ala. 1976). In the present case, there was evidence that Ms. Brown had suffered a fall and that after that fall her mental condition deteriorated so that often she would not recognize other people until she had talked with them for a while. Despite her fall, however, she refused to leave her home to reside with anyone else, and she continued to attend to most of her basic needs herself. A review of the record indicates that testimony regarding Ms. Brown's fall was first given by Ella Bell Simmons and that the date given for the fall was 1982 or 1983. On cross-examination, Ms. Simmons indicated that she had been previously confused, and she then testified that the fall occurred sometime in 1985. There was conflicting evidence from various witnesses as to whether the fall occurred in 1983 or in 1985, so the actual date is never made clear in the record.
Each person who testified indicated that Ms. Brown knew nothing of business affairs and depended on the advice of others with regard to her financial matters. There were various people who assisted her in this regard, one of whom was Henry Moore. Moore himself testified that he read letters regarding financial affairs to Ms. Brown on occasion and advised her occasionally with regard to financial matters. He testified that he read to her a letter stating that she was three months behind on the payments on a debt secured by a mortgage on her house and that the total debt amounted to $1,860.20. Moore testified that Brown told him that if he would pay off the $1,860.20 note that was secured by the mortgage on her house and would give her $3,000 in addition, then she would deed him 55 acres.
This case was tried ore tenus; therefore, the trial court's judgment will not be reversed unless its findings were plainly and palpably wrong. See McInnis v. Lay, 533 So.2d 581, 582
(Ala. 1988). There was testimony that the value of the property in question exceeded the amount that was paid by the Moores, and there was also evidence that Ms. Brown depended on Moore with regard to her business affairs. Furthermore, there was contradictory evidence as to exactly when Ms. Brown suffered the fall that led to the deterioration of her mental abilities. There was evidence that that fall occurred after the transaction in question; however, there was also evidence that the fall occurred before the transaction. We cannot say, therefore, that the trial judge's findings were plainly and palpably wrong. Therefore, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.