ADAMS, Justice.
This appeal is from a final declaratory judgment holding that the Alabama Insurance Guaranty Association was required to defend and indemnify the estate of James Milton Hammack in a wrongful death action filed by the administratrix of the estate of Bobby Lee Hollingsworth. The following facts are pertinent to a determination in this case.
Teresa Logan owned the 1982 Oldsmobile automobile that was being driven by James Hammack on April 27, 1988, when it collided with Hollingsworth’s automobile and killed both Hammack and Hollingsworth. Logan, who was not in the automobile when the accident occurred, owned an automobile liability insurance policy issued by Champion Insurance Company, which provided coverage to Logan as the named insured and to any person using the automobile with the permission of the named insured. The limits of that policy were $20,-000 per person and $40,000 per occurrence for bodily injury and/or death. Hollings-worth, at the time of the accident, had uninsured/underinsured motorist coverage with Auto-Owners Insurance Company in the amount of $60,000 per person. Following the accident, the filing of the wrongful death action, and the filing of this action for a declaratory judgment, Champion became insolvent; Hollingsworth’s estate settled with Auto-Owners Insurance Company in the amount of $58,500; and the Guaranty Association moved to intervene in the *1205 declaratory judgment action in order to determine its potential liability in the case. On appeal, the Guaranty Association contends that the trial court erred in its determination that Hammack was a permissive user of Logan’s automobile at the time of the accident, thereby holding that the Guaranty Association was under the obligation to defend and indemnify Hammack’s estate. In addition, Guaranty Association argues that it is entitled to offset any obligation it may have to pay Hollings-worth’s estate by the amount of the $58,-500 settlement reached between Hollings-worth’s estate and Auto-Owners.
At the outset, we note that the evidence in this case was presented ore tenus and, therefore, that the judgment of the trial court will not be disturbed unless it is plainly and palpably wrong. Moore v. Brown, 579 So.2d 611 (Ala.1991), citing McInnis v. Lay, 533 So.2d 581, 582 (Ala.1988). With regard to Hammack’s use of Logan’s car at the time of the accident, and whether that use was “permissive,” a review of the record indicates that Logan was inconsistent in her testimony as to the number of times Hammack had been allowed to drive her vehicle. First, she signed an affidavit in which she stated that Hammack had never driven her automobile. Later, by deposition, she stated that she had given Hammack permission to drive the vehicle only two or three times. Subsequently, she stated that Hammack had, in fact, driven her automobile on 8 or 10 occasions. She testified that Hammack always asked her permission to use the vehicle and that on some occasions she had refused to allow him to drive her automobile. Logan testified that on the date in question Ham-mack asked her to drive him somewhere and that she responded that she did not have time to do so. She stated that Ham-mack later took her automobile without her permission, while she was in her backyard. In addition to this testimony, however, there were also witnesses who claimed to have seen Hammack driving Logan’s automobile on numerous occasions, either alone or with Logan in the vehicle. One witness testified that Hammack drove the automobile two or three times a week. These witnesses indicated that Hammack’s use of Logan’s vehicle exceeded the 8 or 10 times to which she testified. One witness contradicted Logan as to whether she or Ham-mack had been driving the automobile earlier on the date the accident occurred when Hammack had had to be in court on another matter. Because of these witnesses, and because of Logan's inconsistent statements, Logan’s credibility was a consideration and, therefore, we are of the opinion that the trial judge was not plainly and palpably wrong in determining that Ham-mack was a permissive user of Logan’s automobile.
Second, the Guaranty Association contends that, if it does have an obligation to defend and to indemnify Hammack, then it should be allowed to set off the amount of the settlement between Hollingsworth’s estate and Auto-Owners. The Alabama Insurance Guaranty Association Act, Ala. Code 1975, § 27-42-1 et seq., states the purpose of the Act as follows:
“The purpose of this chapter is to provide a mechanism for the payment of covered claims under certain insurance policies, to avoid excessive delay in payments and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies and to provide an association to assess the cost of such protection among insurers.”
§ 27-42-2. The Guaranty Association contends that it would be entitled to the setoff because of § 27-42-12(a), which states:
“(a) Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to exhaust first his rights under such policy. Any amount payable on a covered claim under this chapter shall be reduced by the amount of any recovery under such insurance policy.” (Emphasis added.)
A “covered claim” is defined in § 27-42-5(4) as
*1206 “[a]n unpaid claim, including óne of unearned premiums, which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which this chapter applies issued by an insurer, if such insurer becomes an insolvent insurer after January 1, 1981, and (i) the claimant or insured is a resident of this state at the time of the insured event; or (ii) the property from which the claim arises is permanently located in this state. ‘Covered claim’ shall not include any amount due any reinsurer, insurer, insurance pool, or underwriting association, as sub-rogation recoveries or otherwise.”
Several cases are instructive in regard to the facts of the present case. In Alabama Insurance Guaranty Ass’n v. Magic City Trucking Service, Inc., 547 So.2d 849 (Ala.1989), Justice Shores addressed the issue of whether the Guaranty Association should be entitled to offset workman’s compensation benefits received by the injured party. In determining that workman’s compensation benefits did not fall within the definition of a “covered claim,” Justice Shores stated:
“Other cases cited by the Guaranty Association in which a guaranty fund or association has been allowed a set-off involve uninsured motorist claims that have been recovered under the claimant’s own insurance policy’s uninsured motorist provision because of the insolvency of the other driver’s insurer. In these cases the uninsured motorist payments were made solely as a result of the insolvency of the claimant’s insurer. Therefore they were ‘covered claims’ and deductible. There would have been duplication in these cases, and thus a set-off was allowed. See: Arizona Property & Casualty Ins. Fund v. Ueki, 150 Ariz. 451, 724 P.2d 70 (1986); Vokey v. Massachusetts Insurers Insolvency Fund, 381 Mass. 386, 409 N.E.2d 783 (1980); and Lucas v. Illinois Ins. Guaranty Fund, 52 Ill.App.3d 237, 10 Ill.Dec. 81, 367 N.E.2d 469 (1977).”
547 So.2d at 853. In the present case, Hollingsworth’s uninsured/underinsured coverage paid $58,500, and the issue before us is whether that payment constituted a “covered claim” within the definition given by the Alabama Insurance Guaranty Act. This Court considered a similar setoff issue in Alabama Insurance Guaranty Association v. Colonial Freight Systems, Inc., 537 So.2d 475 (Ala.1988):
“One of Colonial Freight’s trucks was involved in a wreck in Florida with Cora Solía, who sued Colonial Freight to recover for her injuries. Because Colonial Freight’s insurance company was declared insolvent and unable to provide coverage, Colonial Freight filed a claim with [Alabama Insurance Guaranty Association], requesting that [Alabama Insurance Guaranty Association] defend Colonial Freight on Solla’s claim....
“According to both parties, the following events occurred: Prior to trial, Colonial Freight settled with Solía for $300,-000, with Colonial Freight to pay her $250,000 and Solía to pursue recovery under her uninsured motorist coverage, which was $50,000. She received $25,000 under her policy, and Colonial Freight paid her the $250,000, for which it sought reimbursement from [Alabama Insurance Guaranty Association] up to the statutory limit ($150,000 under § 27-42-8). When [Alabama Insurance Guaranty Association] refused, Colonial Freight filed a declaratory judgment action seeking ... protection under the Alabama Insurance Guaranty Act....
“The two issues on appeal are whether Colonial Freight is, in fact, a resident of Alabama and whether the amount [Alabama Insurance Guaranty Association] reimbursed Colonial Freight should have been reduced by $50,000 (the amount of her policy) or by $25,000 (the amount she actually received).
[[Image here]]
“With regard to Solla’s collection under her uninsured motorist policy, § 27-42-12(a) provides:
“ ‘Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to ex *1207 haust first his rights under such policy. Any amount payable on a covered claim under this chapter shall be reduced by the amount of any recovery under such insurance policy.’
(Emphasis added.)
“The trial court correctly held that the appropriate amount by which to reduce Colonial Freight’s reimbursement from [Alabama Insurance Guaranty Association] was $25,000, the amount of Solla’s recovery, and not $50,000, the full coverage under her policy....”
537 So.2d at 475-76. In the present case, Hollingsworth’s estate recovered $58,500, and that recovery, in our opinion, constitutes a “covered claim” within the contemplation of the statute. Therefore, the Guaranty Association should be entitled to an offset up to that amount.
For the foregoing reasons, the judgment is affirmed insofar as it required the Guaranty Association to defend and indemnify Hammack’s estate, but is reversed insofar as it denied the Guaranty Association the offset.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ALMON, STEAGALL, KENNEDY and INGRAM, JJ., concur.