The issue in this case is whether, and, if so, to what extent, the payment of uninsured motorist benefits by Alfa Insurance Company offsets or reduces the amount the Alabama Insurance Guaranty Association ("AIGA") is obligated to pay for a "covered claim" under a policy of insurance issued by the now insolvent Champion Insurance Company.
In her complaint, Clara M. Windle alleged that on February 25, 1988, Rebecca L. Smith caused an automobile accident that resulted in severe personal injuries to Windle. Smith was insured by Champion at the time of the accident. On March 24, 1989, Windle sued Smith and Alfa, Windle's uninsured/underinsured motorist coverage carrier. On June 5 and 6, 1989, Champion was declared insolvent and liquidation was ordered. The AIGA assumed Smith's defense. Thereafter the parties agreed to allow the AIGA to intervene as a party pursuant to a stipulation that read as follows:
 "1. The parties agree that the motion of the Alabama Insurance Guaranty Association (Association) for rehearing on motion to intervene and stay proceedings should be granted and that the Association should be permitted by the Court to intervene in this action.
 "2. Defendant, Alfa Mutual Insurance Company (Alfa) shall pay . . . the sum of $20,000.00 in full payment and satisfaction of the claims for uninsured/underinsured motorist coverage against Alfa in this action. . . .
 "3. Windle and the Association hereby stipulate and agree between themselves as follows: that the total damages that Windle is entitled to recover from Defendant, Rebecca L. Smith (Smith), on account of the motor vehicle accident made the basis of this action, exceed the sum of $60,000.00; that the automobile policy of Champion Insurance Company covering Smith for the accident affords liability coverage limits of $20,000.00; that Windle and the Association shall submit to the Court for its decision the question of whether, and to what extent, *Page 80 
the said payment or recovery of uninsured motorist benefits from Alfa offsets or reduces the Association's obligation to pay under the Champion policy by virtue of Alabama Code, § 27-42-12; that either Windle or the Association may appeal the order of the Court deciding such question. . . ."
The trial court held that the AIGA was relieved of any obligation to the plaintiff by Alfa's payment of the uninsured motorist benefits in the amount of $20,000. Windle appealed.
The stated purpose of the AIGA is
 "to provide a mechanism for the payment of covered claims under certain insurance policies, to avoid excessive delay in payments and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies and to provide an association to assess the cost of such protection among insurers."
Ala. Code 1975, § 27-42-2.
It is apparent from the Alabama Insurance Guaranty Association Act, §§ 27-42-1 to 27-42-20, Ala. Code 1975, that the legislature did not intend that the AIGA stand in the stead of the insolvent insurer. Indeed, when the statutory limitations regarding payment of claims are read along with this avowed purpose, one sees that the effect of the Act is not necessarily to provide the claimant or insured the same coverage or dollar recovery he would have realized had his carrier not become insolvent. K. Bowdre, Guaranty AssociationLaw in Alabama, 20 Cumb.L.Rev. 321, 331 (1990) (citing IndianaInsurance Guaranty Association v. William Tell Woodcrafters,Inc., 525 N.E.2d 1281, 1285-86 (Ind.App. 1988)). There are limits as to what type of claim will be paid. For example, the AIGA is obligated
 "to the extent of the covered claims existing prior to the determination of insolvency and arising within 30 days after the determination of insolvency, or before the policy expiration date if less than 30 days after the determination . . ., but such obligation shall include only that amount of each covered claim which is in excess of $100.00 and is less than $150,000.00. . . . In no event shall the association be obligated to a policyholder or claimant in an amount in excess of the obligation of the insolvent insurer under the policy from which the claim arises."
Ala. Code 1975, § 27-42-7(a)(1) (emphasis supplied).
A "covered claim" is defined as
 "[a]n unpaid claim, . . . which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which this chapter applies issued by an insurer, if such insurer becomes an insolvent insurer after January 1, 1981 and (i) the claimant or insured is a resident of this state at the time of the insured event. . . ."
Ala. Code 1975, § 27-42-5(4).
Under the Act, for a claim to qualify as a "covered claim" the following requirements must be met:
 "1. [T]he insurer must be licensed to transact insurance in Alabama;
 "2. [T]he insurer must be found insolvent and ordered liquidated;
 "3. [T]he claim must exist on the date of insolvency or arise within 30 days;
 "4. [T]he claimant or insured must be a resident of this state or the property from which the claim arises must be permanently located in Alabama;
 "5. [A] timely proof of claim must be filed with the liquidator or guaranty association;
 "6. [T]he claim must arise out of and be within the coverage of a property and casualty insurance policy;
 "7. [T]he amount of the claim is limited to that amount between $100 and $150,000, or the policy limits, whichever is less. . . ."
Bowdre, supra, at 342 (emphasis supplied).
The "covered claim" the AIGA was obligated to pay as a result of Champion's insolvency was the amount of Windle's claimed damages (over $60,000), limited by the terms of Smith's Champion insurance *Page 81 
policy ($20,000); therefore, the amount of the "covered claim" is $20,000.
At issue in this appeal is whether, and, if so, to what extent, a "covered claim" is to be reduced by payment of uninsured motorist benefits under § 27-42-12(a), which states:
 "Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to exhaust first his rights under such policy. Any amount payable on a covered claim under this chapter shall be reduced by the amount of any recovery under such insurance policy."
(Emphasis supplied.)
This Court has held that the AIGA is entitled to reduce "covered claims" by amounts recovered under uninsured motorist policies. See Alabama Insurance Guaranty Association v.Hollingsworth, [Ms. 1900334, June 7, 1991], 1991 WL 101543 (Ala. 1991) (citing Alabama Insurance Guaranty Association v.Magic City Trucking Service, Inc., 547 So.2d 849 (Ala. 1989);Alabama Insurance Guaranty Association v. Colonial FreightSystems, Inc., 537 So.2d 475 (Ala. 1988)). Therefore, the question raised on this appeal is to what extent those payments of uninsured motorist benefits affect Windle's possibility of recovery from the AIGA.
Windle argues that the amount of recovery from Alfa should reduce her actual claim for damages but not the policy limit or statutory limit of the "covered claim." As stipulated in this case, the parties agree that Windle's actual damages exceed $60,000; therefore, she argues that the AIGA's obligation to pay, i.e., its obligation to pay the $20,000 "covered claim," would not be extinguished by the $20,000 paid by Alfa on Windle's uninsured motorist policy. Under her theory, she would be entitled to $20,000 from Alfa and to $20,000 from the AIGA. The AIGA contends that the language of the statute clearly and unambiguously states that the amount of recovery on the uninsured motorist policy reduces the amount of the "covered claim."
The language of the statute clearly states that the amount of the recovery on the uninsured motorist policy reduces the amount payable by the AIGA on the "covered claim." Because a "covered claim" is, by definition, limited to the amount of the policy issued by the now insolvent insurer, see Ala. Code 1975, § 27-42-5(4), and because that amount in this case was $20,000, we hold that the amount recovered as uninsured motorist benefits ($20,000) reduces and extinguishes the "covered claim" the AIGA was obligated to pay, thereby relieving the AIGA of any obligation to pay.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.