The Alabama Insurance Guaranty Association ("AIGA") filed a declaratory action against Denica June Densmore and Sue Dillard, seeking a judicial determination of whether, and if so to what extent, payment of uninsured/underinsured motorist benefits to Dillard offsets or reduces the amount the AIGA was obligated to pay under a policy of liability insurance, issued by the now insolvent Champion Insurance Company, which covered Densmore.
The parties entered into the following joint stipulation of facts: *Page 895 
 "1. That on June 7, 1989, defendants Sue Dillard and Denica June Densmore were involved in an automobile accident on Dime Street at or near the intersection of 33rd Street in Haleyville, Alabama, in which the defendant, Sue Dillard, received various injuries to her body.
 "2. That as a result of said accident, the defendant, Sue Dillard, filed a lawsuit in the Circuit Court of Marion County, Alabama, Civil Action No. CV-89-151, which is still pending in this Court.
 "3. That on the date of this accident, defendant Sue Dillard was insured by Alfa Mutual General Insurance Company ("Alfa") under an automobile liability policy. . . .
 "4. That said automobile liability policy . . . issued to Sue Dillard by Alfa provided uninsured/underinsured motorist coverage to Sue Dillard with policy limits of $20,000.00 per person.
 "5. That on June 7, 1989, the defendant Denica June Densmore was an insured under a policy of insurance issued by Champion Insurance Company . . . to the defendant's father, Jerry Densmore, and that said policy provided automobile liability coverage to defendant Denica June Densmore with policy limits of $20,000.00 each person.
 "6. That on June 5, 1989, Champion Insurance Company was found to be insolvent by an order entered by the Nineteenth Judicial District Court in the State of Louisiana.
 "7. That as a result of Champion Insurance Company's insolvency, the defense of Denica June Densmore in the aforesaid action was assumed by the Alabama Insurance Guaranty Association.
 "8. Moreover, it is further stipulated that as a result of the accident of June 7, 1989, defendant Sue Dillard has incurred damages of at least $40,000.00.
 "9. Alabama Insurance Guaranty Association insisted that the defendant, Sue Dillard, first recover from her own automobile liability insurance carrier, Alfa, the uninsured/underinsured motorist benefits that were available to her and that the defendant Sue Dillard has been paid by Alfa all of the uninsured/underinsured motorist coverage benefits under the aforesaid policy to which she is entitled, namely, $20,000.00.
 "10. Subsequent to the payment of said uninsured/underinsured motorist benefits by Alfa to Sue Dillard, the Alabama Insurance Guaranty Association has asserted a claim for set-off against said $20,000.00 payment under the provisions of Section 27-42-12(a), Code of Alabama (1975).
 "11. Plaintiff AIGA contends that the $20,000.00 payment by Alfa to Sue Dillard was uninsured motorist benefits and the defendant Sue Dillard contends that the said payment represented underinsured motorist benefits."
Both Dillard and the AIGA moved for a summary judgment. The trial court granted the AIGA's motion for summary judgment. In its order, the trial court stated:
 "This cause came to be heard on the Alabama Insurance Guaranty Association's motion for summary judgment and on its bill for declaratory relief. The parties submitted the case to the Court solely for the purpose of obtaining a ruling on the issue of whether the Alabama Insurance Guaranty Association is relieved of any obligation in this case as a result of the payment of $20,000.00 to Sue Dillard from Alfa, Ms. Dillard's uninsured motorist carrier.
 "The Court has determined that the Alabama Insurance Guaranty Association is relieved of any obligation to Dillard by the payment by Alfa of the uninsured motorist benefits, namely $20,000.00.
 "The case law uniformly holds that the Alabama Insurance Guaranty Association is permitted a set-off pursuant to § 27-42-12(a), Code of Alabama [1975], where the claimant has recovered uninsured/underinsured motorist benefits from his/her own uninsured/underinsured motorist carrier due to the insolvency of the other driver's insurer. See Alabama Insurance Guaranty Association v. Magic City Trucking Service, *Page 896 Inc., 547 So.2d 849 (Ala. 1989); and Alabama Insurance Guaranty Association v. Colonial Freight Systems, Inc., 537 So.2d 475 (Ala. 1988).
 "Based upon the foregoing, it is, therefore, ORDERED, ADJUDGED AND DECREED by the Court as follows:
 "1. Alabama Insurance Guaranty Association has no duty or obligation to pay any further sums of money to the defendant, Sue Dillard, on account of said accident of June 7, 1989;
 "2. That the $20,000.00 payment made to Sue Dillard by Alfa pursuant to the uninsured/underinsured motorist coverage of the policy issued to [Dillard] offsets the maximum liability of Alabama Insurance Guaranty Association to the extent of said $20,000.00 payment and therefore extinguishes any obligation of the Alabama Insurance Guaranty Association to pay any money on account of the accident of June 7, 1989;
 "3. That Alabama Insurance Guaranty Association is entitled to take as an offset of its statutory obligation to Densmore and/or Dillard the sum of $20,000.00 which Dillard has received in the form of uninsured motorist benefits from Alfa so that Alabama Insurance Guaranty Association has no obligation to make any payment to Dillard regardless of the outcome of said Civil Action No. CV-89-151 presently pending in this Court.
 "4. That Alabama Insurance Guaranty Association has a duty to continue to defend Denica June Densmore in said Civil Action No. CV-89-151 presently pending in this Court.
 "Accordingly, the Court finds that summary judgment for AIGA is due to be granted and the Court finds that there is no just reason for delay of entry of final judgment and so enters final judgment pursuant to Rule 54 of the Alabama Rules of Civil Procedure."
Dillard appeals and raises as her sole issue whether the recovery of uninsured/underinsured motorist benefits of $20,000 reduces or offsets the obligation of the AIGA under an automobile liability policy in a like amount. This same issue was recently addressed by this Court in Windle v. AlabamaInsurance Guaranty Association, 591 So.2d 78 (Ala. 1991). InWindle, we held that the AIGA's obligation to pay a covered claim is reduced by the amount recovered under uninsured motorist policies.
Also, we recently decided another case that distinguished recovery of uninsured motorist benefits from recovery of underinsured motorist benefits in cases involving the AIGA. InAlabama Insurance Guaranty Association v. Hamm, 601 So.2d 419
(Ala. 1992), we held:
 "[Underinsured motorist] coverage is a type of [uninsured motorist] coverage that does not apply unless '[t]he sum of the limits of liability under all bodily injury liability bonds and insurance policies available to an injured person after an accident is less than the damages which the injured person is legally entitled to recover.' Ala. Code 1975, § 32-7-23(b)(4). Stated differently, [underinsured motorist] coverage, by definition, does not duplicate liability coverage but is coverage in excess of liability coverage, and is available to a claimant only after the claimant has exhausted available liability coverages. It differs from typical [uninsured motorist] coverage because [uninsured motorist] coverage takes the place of nonexistent liability coverage. § 32-7-23(b)(1)(4). [Underinsured motorist] coverage pays in excess of existing liability coverage, where the liability coverage is inadequate to fully compensate the claimant. Thus, [underinsured motorist] coverage, paid by the AIGA on an insolvent insurer's underinsured policy, is not offset by a recovery against other liability insurance coverages, because [underinsured motorist] coverage does not duplicate the liability coverage. See, Alabama Insurance Guaranty Ass'n v. Kinder Care, Inc., 551 So.2d 286, 289-90 (Ala. 1989) (holding that an insolvent excess insurer claim against the AIGA was not subject to an offset of an insurance payment by the primary insurer, because the 'coverage[s] did not overlap,' i.e., duplicate). *Page 897 
 "We recognize the fact that a different result occurs under our analysis based on the fortuity of which type of coverage the insolvent insurer provided. If the insolvent insurer provided [underinsured motorist] coverage, the claimant can, where [an underinsured motorist] claim is applicable, fully recover [underinsured motorist] coverage from AIGA, in addition to liability coverages available to the claimant. However, if the insolvent company issued liability coverage for the tort-feasor, a claimant can recover [uninsured motorist] coverages available to the claimant, but cannot then recover the full amount of the insolvent insurer's liability coverage from the AIGA, irrespective of whether the claimant has been made whole. To compound the matter, a claimant who has recovered [uninsured motorist] monies cannot make an [underinsured motorist] claim (the tort-feasor being deemed uninsured, not underinsured).
 "Nevertheless, this was clearly the intent of the legislature: that there be no duplication of recovery, irrespective of whether the claimant has been made whole. See, Ala. Code 1975, § 27-42-12. As stated, the legislature's purpose in enacting the AIGA provisions was not to remedy the problem of inadequate insurance coverage, a problem not unique to the situation of insolvent insurers, but to alleviate the burden caused by a lack of coverage that occurs through no fault of the insured."
(Emphasis in original.)
Dillard argues that her recovery from Alfa was of underinsured benefits, and, thus, was not subject to the offset provision in the Code. However, our holding in Hamm clearly established that when benefits are paid under the claimant's uninsured/underinsured motorist policy and the tort-feasor's liability insurer is insolvent, the benefits are paid asuninsured motorist benefits. Such payments will offset the obligation of the AIGA dollar for dollar up to the policy limits. Therefore, the payment by Alfa to Dillard of $20,000 under Dillard's policy for uninsured/underinsured motorist coverage offsets the AIGA's obligation under the policy held by Densmore with Champion, which policy limits were $20,000.
The summary judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.