Lee DOUGLASS, Insurance Commissioner for the State of Arkansas *v.* LEVI STRAUSS & COMPANY

93-530                                                      868 S.W.2d 70

Supreme Court of Arkansas
Opinion delivered December 20, 1993
[Rehearing denied January 31, 1994.]

*Jack East III*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for appellee.

DAVID NEWBERN, Justice. The issue in this case is whether the appellee, Levi Strauss & Company (Levi) may recover from the Arkansas Property and Casualty Insurance Guaranty Fund (Fund) money owed to Levi by a defunct insurance company. The appellant, Lee Douglass, Arkansas Insurance Commissioner, argues Levi may not recover from the Fund because the Act creating the Fund limits recovery against it to claims by Arkansas

residents and Levi, a Delaware corporation with its principal place of business in California, does not qualify. Thus refined, the issue becomes whether a foreign corporation which has its principal place of business elsewhere but which established a substantial presence in Arkansas is to be considered a resident for the purpose of the Act. The Trial Court held that Levi was a resident of Arkansas, but we hold to the contrary and reverse and dismiss Levi's claim.

There is no dispute that Levi maintained a number of manufacturing facilities in Arkansas from 1981 to 1985. It was a self-insurer for Arkansas workers' compensation claims but contracted with Mission Insurance Company (Mission) for indemnity insurance. There were two policies. One provided that Mission would indemnify Levi when annual workers' compensations claims exceeded $2,500,000. The other provided Mission would indemnify Levi when any single workers' compensation claim exceeded $100,000. In 1988, aggregate claims exceeded the limit, and to date Levi has paid some $64,000 it claims to be owed by Mission under the first policy. Also in 1988, Levi paid a single claim which exceeded $100,000 by $63,853.74 which it claims under the second policy.

## 1. The statute

Act 871 of 1977, as amended by Act 738 of 1987 and Act 901 of 1993, now codified as Ark. Code Ann. § § 23-90-101 through 123 (1987 and Supp. 1993), is known as the "Arkansas Property and Casualty Insurance Guaranty Act." Its purpose, declared in § 23-90-102, is to provide funds in addition to assets of insolvent insurers for the protection of "covered claims" against such insurers which would otherwise go unpaid. To achieve that purpose, the Act is to be interpreted liberally. § 23-90-105. "Covered claim" is defined in § 23-90-103. One of the elements of the definition is, "and the third party claimant or liability claimant or insured is a resident of this state. . . ." Nothing in the remainder of the Act makes an exception to the residency requirement.

## 2. Residency

"Residency" is not defined in the Act, and the meaning of the term in general usage is not fixed for all circumstances. *Davis* v. *Holt*, 304 Ark. 619, 804 S.W.2d 362 (1991); *Krone* v. *Coop-*

*er*, 43 Ark. 547 (1884). The use of the term with respect to corporations presents special problems.

After discussing the general rule that a corporation is a resident of the state "by or under the laws of which it was created, and primarily of that state . . . only," 17 W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 8300 (Perm. ed. 1987) states:

> It is, however, the general tendency and policy of the courts and legislatures to regard and deal with corporations, as far as their inherent nature will permit, as standing on the same footing as individuals. Thus, generally speaking, a corporation is regarded as a "citizen," "resident," or "inhabitant," within the purview of those terms as used in statutes and constitutional provisions, whenever and to the extent that this becomes necessary to give full effect to the purpose and spirit of the statute or constitution and the words thereof will permit such a construction. Consequently, whether a corporation is included within such a provision depends largely upon its object. In other words, a foreign corporation may so establish its business within the state in conformity with local laws as to justify treatment of the corporation as a "resident" for certain purposes, depending upon the context of the statute in which the term is used and the purpose and object to be attained. [Footnotes omitted.]

We have not previously been called upon to define "resident" in the context of Act 871, as amended, so the question is one of first impression in Arkansas. Other jurisdictions having legislation like or similar to Act 871 have, however, dealt with the problem of residency of a corporation which becomes a claimant under such an act.

In reaching the conclusion that Levi was a resident for this purpose, the Trial Court relied on *In Re Mission Ins. Co.*, 816 P.2d 502 (N.M. 1991); *Iowa Cont. Wkrs' Comp.* v. *Iowa Ins. Guar.*, 437 N.W.2d 909 (Iowa 1989); and *Zinke-Smith, Inc.* v. *Florida Ins. Guar. Ass'n, Inc.*, 304 So.2d 507 (Fla. App. 1974). We agree these cases support the Levi's argument that the insurance involved in this case is "direct insurance" and thus that it is the type of

insurance which meets another requirement of the Act. We do not agree, however, that those cases support the conclusion that Levi is a resident of Arkansas for the Act's purposes.

In the *Zinke-Smith* case, there is no discussion of the residency question. The employer group in the *Iowa Cont. Wkrs'* case was an Iowa-based association formed under Iowa law and seeking recovery from the Iowa state guaranty fund based on the insolvency of Mission. No question of residence of the claimant was involved. In the *In Re Mission* case Levi sought to recover under the New Mexico Act. Although we know, from the record now before us, that Levi was a Delaware corporation with its principal place of business in California, no mention was made of residency, and the New Mexico Court's opinion dealt only with whether Levi had purchased direct insurance from Mission or reinsurance — a point not before us.

Several cases are cited which do involve challenges to corporate claims on guaranty funds where the residency of the claimant was at issue. In *Kroblin Refrigerated Xpress, Inc.* v. *Iowa Insurance Guaranty Association*, 461 N.W.2d 175 (Iowa 1990), Kroblin Refrigerated Xpress, Inc. (Kroblin) was incorporated in Iowa and subsequently moved its corporate office to Oklahoma without changing its corporate status in Iowa. The claim on the guaranty fund arose from vehicle liability insurance purchased from an Iowa insurance company. A costly accident involving one of Kroblin's trucks occurred. Thereafter, the insurance company, Carriers Insurance Company, was declared insolvent and ordered liquidated. Kroblin filed claims with the guaranty funds of Iowa, Illinois, and Oklahoma. The Iowa fund denied coverage on the basis that Kroblin had not met the residency requirement. Iowa amended its Act in 1986 to define residence of any entity other than an individual as the state in which its principal place of business is located. After discussing other issues raised and the development of the definition of "resident" in connection with corporate entities, the Iowa Supreme Court determined that a corporation's residence is its principal place of business and affirmed the denial of Kroblin's claim.

Cited in the *Kroblin* opinion were *Alabama Ins. Guaranty Ass'n* v. *Colonial Freight Systems, Inc.*, 537 So.2d 475 (Ala. 1988), and *Eastern Seaboard Pile Driving Corp.* v. *New Jersey*

*Proper-Liability Ins. Guaranty Ass'n*, 421 A.2d 597 (N.J.Super.A.D. 1980). In the Alabama case, a claim by a corporation chartered in Alabama but headquartered in Tennessee was allowed. In the New Jersey case it was held that a corporation chartered in Delaware with its principal place of business in New Jersey qualified as a claimant of the New Jersey fund.

In *McMahon v. Louisiana Insurance Guaranty Association*, 596 So.2d 1384 (La.App. 1 Cir. 1992), the claimant was a Pennsylvania resident injured in 1984 in an accident with a tractor-trailer rig driven by an employee of Caravan Refrigerated Cargo, Inc. (Caravan), a Louisiana corporation. McMahon obtained a judgment in 1987 in Pennsylvania and sought to collect from the Louisiana fund because the insurer was the defunct Carriers Insurance Company, declared insolvent and ordered liquidated in 1985. The Louisiana fund denied the claim, asserting it was not a "covered claim" because Caravan, the employer, was a resident of either Texas or California.

The Louisiana Court established that Caravan, an interstate trucking company, maintained its corporate status in Louisiana and transacted substantial business within Louisiana, even though it had been purchased by a Texas resident and moved its principal operating offices to Texas. The Louisiana Court declined to hold that the mere fact that Caravan was incorporated in Louisiana was sufficient to make it a resident. It held that the fact of incorporation there in addition to the continuation of its substantial trucking business in the State was sufficient, however, to conclude that at the time the claim arose, Caravan was a resident of Louisiana and entitled to benefits from the Louisiana fund.

We cannot know what our General Assembly or the legislature of any other state may have in mind when it uses the term "residence" in a statute which may apply to a corporate entity. Douglass argues that, because the money the Arkansas Guaranty Fund uses to pay claims against defunct insurers comes from assessment of a percentage of the net direct written premiums collected by all insurers in the State of Arkansas, Ark. Code Ann. § 23-90-112(b) (1987), only Arkansas residents should be allowed to claim against the Fund. The argument is no help. Assuming Levi had purchased insurance from an Arkansas insurer we would still be confronted with the requirement that Levi be an Arkansas resident.

Having looked to the case law from other jurisdictions, we can say that in no case in which we know the issue was raised has a corporation been held a resident of a state in which it was neither incorporated nor maintained its principal place of business.

While Levi did indeed have a substantial manufacturing presence in Arkansas when its claims against Mission were generated, it was essentially a California (that being its principal place of business) corporation which bought insurance from a California insurance company which subsequently went under. We have been cited to no authority indicating that a corporation which is incorporated in state A and which has its principal place of business in state B is to be considered a resident of state C in the context of an insurance guaranty fund. All of the cases which have permitted an insured whose residence was in doubt to collect from such a fund have been ones in which the insured was either incorporated or had its principal place of business in the state from whose fund the money was being sought. We hold Levi is not a resident of Arkansas and thus its claim is not a "covered claim" as defined in the statute.

Reversed and dismissed.